## L. L. PEARSON v. THE STATE.

1. SALE OF PERSONAL PROPERTY. *When complete. Delivery to carrier.*
   A sale of personal property is ordinarily completed by its delivery to the purchaser. Delivery to a carrier for shipment, in the usual course of trade, is *prima facie* a delivery to the consignee.

2. SALE OF LIQUORS. *When completed in another state. Case in judgment.*
   Where whisky is by agreement delivered to a carrier in another state for shipment to the buyer within this state, and the delivery is to the carrier as agent of the buyer, there is no sale within this state, although the order for the liquor is taken in Mississippi and payment therefor is received in this state. In such case, the seller cannot be convicted for violation of the laws of this state against retailing.

FROM the circuit court of Panola county, second district.

HON. W. M. ROGERS, Judge.

The appellant, Pearson, was convicted for violation of the "local option law" in Panola county. The evidence showed that Pearson was the owner of a saloon in Memphis, Tenn., and was accustomed to travel in certain portions of this state, including said county, and solicit orders for whisky, to be shipped in jugs from the saloon in Memphis to the purchasers by express.

In the case at bar the defendant, while at Batesville in said county, received from one Still an order for two gallons of whisky to be shipped to the latter. The order was filled from the saloon in Memphis by delivery of the whisky to the express company there, consigned to the said purchaser, at Batesville. The purchaser paid the express charges upon the receipt of the whisky at Batesville, and afterward in the same town paid defendant the price which had been agreed upon. The defendant testified that he considered that his liability and responsibility ended with the delivery to the express company in Memphis.

The court gave the following instructions for the state:

"The court instructs the jury that if they believe from the evidence, beyond a reasonable doubt, that Pearson, the defendant, in this court district, agreed with Still upon the price of a gallon of

whisky, and sold the same to him here, to be delivered at Batesville at a future day, and that on a subsequent day the whisky was delivered to Still by the express company, and that after the whisky was delivered Pearson received from Still the price, before the delivery agreed upon, and that the money was paid in this court district, they will find the defendant guilty as charged."

The following instruction asked for by the defendant was refused :

" The court charges the jury that if they believe from the evidence that at the time of the alleged sale of whisky that defendant was in business in the city of Memphis, state of Tennessee, and that defendant solicited orders for the whisky to be afterward delivered from the state of Tennessee, and that defendant, in pursuance of the order for whisky, gives direction to his house in said state of Tennessee to forward the whisky through the Southern Express Company, and that defendant had no further control of the whisky after it had been delivered to said express company in the state of Tennessee, then the jury will acquit the defendant."

The court, however, granted an instruction for the defendant to the effect that the jury could not convict unless it believed beyond a reasonable doubt that the contract for the sale was made and the sale perfected and completed in Panola county.

*Standifer & Stone,* for appellant.

(No brief on file.)

*T. M. Miller,* attorney-general, for the state.

The contract was made in Panola county, the liquor received and payment made there for the same. This certainly makes out a *prima facie* case of a sale completed in said county. It is not shown that the delivery to the express company was at the risk of the purchaser, and therefore the case is precisely like that of *Bradley* v. *The State,* recently affirmed by this court (MSS.).

As a general proposition under the law of sales, it may be admitted that no sale is complete without delivery, and that a delivery is complete when made to a common carrier at the place of shipment, the goods sold being consigned to the purchaser. No such case is made out here. The defendant says he *considered* that his

liability ended with delivery to the express company; but it is not pretended that Still became liable for the price before there was a delivery to him. I submit there was no error.

CAMPBELL, J., delivered the opinion of the court.

The sale of the whisky was complete at Memphis, upon delivery to the express company, and the fact that the order for it was taken in Panola county, and that payment for it was received there, did not make the appellant guilty of selling in that county. The point is, where was delivery made? If the seller was to deliver the whisky in Panola county, before any right accrued to him to claim pay for it, the sale was not complete until delivery at the place of its destination, but, if the delivery was in Memphis to the carrier as the agent of the buyer, the sale was then complete, and the law of Mississippi was not violated. A delivery to the carrier in the usual course of trade is deemed by law *prima facie* a delivery to the consignee, and according to the testimony that was the understanding of the parties in this case.

*Reversed and remanded.*