### ARTHUR TATE *v.* STATE OF MISSISSIPPI.

#### [44 South., 836.]

CRIMINAL LAW AND PROCEDURE. *Sale of Intoxicants. Evidence.*

   Proof of the delivery of whiskey to one for whom it was lawfully purchased and the receipt from him of payment for money expended at his request in its purchase will not support a conviction for the unlawful sale of intoxicants.

FROM the circuit of Leake county.

HON. JAMES R. BYRD, Judge.,

Tate, appellant, a negro, was indicted, tried and convicted for the unlawful sale of intoxicants, fined, sentenced to jail, and appealed to the supreme court.

Appellant was tried in his absence, the charge being a misdemeanor, and there were but two witnesses, only one of whom, Manuel Lindsey, was able to testify to the facts of the case. From his testimony it appeared that the witness requested appellant to advance the purchase price for him and bring him a quart of whisky from Canton, Madison county, where the sale of intoxicants was licensed at the time. Appellant bought the liquor in Canton for Lindsey, brought it to him in Leake county and received from him fifty cents therefor on its delivery; having advanced that sum for him in the purchase of the whisky. There was but one instruction for the state, the one mentioned in the opinion of the court. The jury returned a verdict of guilty.

*O. A. Luckett,* for appellant.

The court below should have instructed the jury to find for

the defendant. The evidence showed that defendant acted merely as agent of Lindsey, and without reward. *Caldwell* v. *State,* 17 South., 372.

The defendant was tried in his absence, without opportunity to present his defense before the jury; a very weak case was made out against him. Under the circumstances it was reversible error for the court below to grant the instruction asked by the district attorney, especially as this was the sole instruction granted in behalf of the state. Even if it be true that the defendant, at the request of Lindsey, bought the whisky in Canton, a town in a county where its sale was legal, the evidence shows that he subsequently delivered it and received of Lindsey, in Leake county, where the sale of whisky is forbidden, repayment of the amount advanced by defendant in Canton for purchase of the same, and hence the conclusion of law contended for in the instruction does not follow.

*May, Flowers & Whitfield,* on the same side.

Appellant was indicted under Code 1906, § 1746, on the charge of unlawfully selling intoxicants in Leake county. Appellant was tried in his absence, and convicted as the result of the instruction granted for the state, which assumed a lawful thing to be unlawful. We call the court's attention to the fact that there is no conflict in the evidence. We have only the state's side of the matter.

There can be no agents in the unlawful sale of intoxicants, every one participating in the sale being a principal. But no one can be convicted as a principal who, as agent for another, participates in a sale which is lawful. Lindsey had a legal right to send to Canton, in Madison county, for a quart of whisky. It could make no difference whether he turned over to the appellant, Tate, the fifty cents for the quart of whisky before Tate went to Canton, or afterwards. It was lawful, at the time, to buy whisky in Canton from a licensed dramshop. The proof showed that Lindsey sent Tate to Canton for the

whisky, and that he did not give Tate the purchase money at the time, because of a lack of funds, but explained to Tate that if he would bring him the whisky the money would be ready for him upon his return; and Tate did buy the whisky in Canton and brought it to Lindsey in Leake county, who thereupon paid Tate the price of the whisky, this being done in Leake county. This was insufficient to make appellant liable.

The instruction granted for the state was in effect a peremptory instruction. It authorized the jury to convict appellant although Lindsey instructed him to bring the whisky from Canton, where appellant had the right to purchase it for himself or as agent for Lindsey.

The cases cited by the learned assistant attorney-general are not in point.

*George Butler,* assistant attorney-general, for appellee.

The facts in this case are that appellant, while on his way to Canton, was met by one Lindsey, and requested by Lindsey to bring him from Canton a quart of whisky; Lindsey stating that, he did not then have the purchase money with him, but would have it by the time appellant returned from Canton with the whisky and would then repay him. Appellant went to Canton, got the whisky, and, on his return, called at the home of Lindsey and delivered the whisky, receiving from Lindsey repayment of amount advanced by appellant, fifty cents.

If it appeared that appellant bought the whisky in Canton, that being a wet town, we would hesitate to say that he had violated the law. But it will be noticed that it does not appear where the whisky had been purchased, whether in a wet or a dry town. If in a dry town, then appellant is clearly guilty as a principal, being an accessory to the unlawful sale. The following cases are conclusive on this point: *Beck* v. *State,* 69 Miss., 217; *Wiley* v. *State,* 74 Miss., 727; *Johns* v. *State,* 78 Miss., 663; *Wortham* v. *State,* 80 Miss., 205.

WHITFIELD, C. J., delivered the opinion of the court.

The learned assistant attorney-general frankly concedes that " if it appeared in this case that appellant bought the whisky in Canton, that being a wet town, we would hesitate to say that he had violated the law." It is too plain for serious disputation that the record does show plainly that the whisky was bought in Canton, and on the facts in this case, that being so, no unlawful sale is shown. The court gave the following instruction: " The court instructs the jury that, if from the evidence in this case they believe beyond a reasonable doubt that the accused sold the witness Manuel Lindsey any intoxicating liquor, he is guilty, even though they believe that said Lindsey instructed the accused to bring him some whisky from Canton, and did not then and there give the accused the money to pay for said whisky, and the jury should find the defendant guilty." This instruction is manifest error. The fact that the fifty cents was paid after the whisky was bought and brought from Canton can make no difference, and that it was so bought in Canton, a wet town, the whole record, including this instruction shows.

*Reversed and remanded.*