HENRY ANGLIN v. STATE OF MISSISSIPPI.

[50 South. 492, 728.]

1. CRIMINAL LAW AND PROCEDURE.   *Unlawful sale of intoxicating liquors.*
    *Place of sale. Delivery.*

    The offense of unlawfully selling intoxicating liquors is committed
      at the place where the title to the property passed from the seller
      to the buyer, and not where preliminary negotiations and bar-
      gains leading to the sale were had.

2. SAME.   *Case. Venue.*

    Where the purchaser went to the seller in Louisiana and announced
      that he wished to purchase a designated quantity of whiskey and
      the seller named the price at which he was willing to furnish it
      and received the money therefor without delivering the whiskey,
      and afterwards brought the liquor into Mississippi and there de-
      livered it to the purchaser, the sale was made in the latter state.

FROM the circuit court of Amite county.

HON. MOYSE H. WILKINSON, Judge.

Anglin, appellant, was indicted and tried for the unlawful
sale of intoxicating liquors, was convicted, and sentenced to a
fine and imprisonment, and appealed to the supreme court.

It was shown by the state that one Carter sought the appel-
lant, for the purpose of purchasing whiskey, met him at his
yard gate in Louisiana, a short distance from the Mississippi
line, and there, in Louisiana, contracted with appellant for the
purchase of several bottles of whiskey, to be afterwards set
apart by appellant and delivered to the purchaser. This de-
livery was made by the appellant in Mississippi, a short dis-
tance from the Louisiana line. It appeared that no property
passed in any of the whiskey by virtue of the executory con-
tract made in Louisiana; the whiskey remaining the property
of Anglin until it was actually delivered to Carter, in Missis-
sippi, although the purchase price of the whiskey, was paid to
Anglin in Louisiana. Peremptory instruction was asked by

appellant in his favor, but was refused, as was also the third instruction, requested by appellant in these words:

"(3) The court instructs the jury for the defendant, that before you can convict the defendant you must believe beyond all reasonable doubt that the testimony of Jake Carter is true."

Over the objection of appellant, the state was granted the following instruction:

"(1) The court instructs the jury, for the state, that if you believe from the evidence in this case beyond a reasonable doubt that Henry Anglin sold Jake Carter whiskey in Louisiana, and it was delivered in Amite county, state of Mississippi, then he is guilty and you should so find."

*R. S. Stewart,* for appellant.

The sale was completed in Louisiana, and there was never a legal delivery in Mississippi to the witness Carter. The whiskey was placed upon a fence which was just inside the boundaries of Mississippi. This is not a delivery to Carter; but, even if a delivery, it and it alone, could not constitute the offense charged, because in the case of *State v. Tate,* 91 Miss. 382, 44 South. 836, it was held that a delivery in dry territory, and even a collection for re-imbursement in a dry territory, where the sale was not made in violation of law, did not and could not alone constitute a crime. There is nothing in the record, either by direct testimony, or by implication, to show an illegal sale in Louisiana, or that it was a violation of the law in Louisiana to sell intoxicants. Nor was there any evidence to show that by selling whiskey where and when he did, the appellant violated any law of the state of Louisiana.

It is contended by appellant that the state had to establish the sale, the unlawfulness of it, and the jurisdiction of the trial court thereover, none of which was done, save perhaps the sale, and that by most unsatisfactory evidence. It may be urged that the trial court took judicial notice of the law of the state of Louisiana, and therefore it was not necessary to prove that a sale of whiskey there was a violation of law. We sub-

mit, that Code of 1906, § 1015, relates to judicial knowledge of state's laws, and to that alone, and it cannot be urged that this section is applicable, because the state of Louisiana has no state prohibition law, that is, no state wide prohibition statute as Mississippi has; and hence if the sale as testified to was a violation of the law, it must necessarily be, because of the local option law, or a law similar to the local option law once in vogue in this state, and such law necessarily became a local law, and the trial court could not under our law, take judicial notice of the local laws of another state or part of another state. Code 1906, § 1790, is in its meaning and intent local in its operation and relates solely and wholly to the adoption of such local option law within any county or all of the counties of the state, its scope being necessarily confined to this, and not being given any extra-territorial jurisdiction. If no judicial notice of the local option law in the Louisiana parish where sale was begun could be taken, the presumption is that the sale was there legal; and if this be true, then, as in the *Tate case,* 91 Miss. 382, the delivery in prohibition territory would not and did not constitute a violation of the law. The unlawful sale must have been proved, and not having been proved, the case was not made out, the state failed and the appellant should have been peremptorily discharged, because of the fact that there was no proof that a sale of whiskey at Anglin's residence and the collection of the purchase money there, were violations of law.

The instruction granted for the state is fatally erroneous and should be sufficient to secure reversal of the judgment. It details a state of facts, the sale and collection of purchase price in Louisiana, and a delivery in Mississippi, and charges that in such case the appellant would be guilty. This, we contend is not the law, because if sale were completed in Louisiana, or made in Louisiana, though it were a violation of the law in that state, the appellant could not be, and was not, guilty under the laws of Mississippi. And, too, had the instruction been intended to bring the case under Code 1906, § 1403, it was never-

theless fatally erroneous, in that, it does not charge that the sale must have been a violation of the law, or was a violation of the law where begun or commenced. The instruction is further erroneous in that it did not charge that a delivery must be shown to have been made by Anglin, or some one acting for him, in the illegal sale, to make the appellant guilty, but it was expressly charged that "delivery of the whiskey is an essential and necessary act of the seller to constitute criminality." *Worsham v. State,* 80 Miss. 203, 32 South. 50.

*George Butler,* assistant attorney-general, for appellee.

Appellant's house is just across the state line, in St. Helena Parish, Louisiana, and part of his curtilage is in Amite county, Mississippi. Some time in 1905, one Carter went to appellant's house, and made a bargain with him for nine bottles of whiskey and gave appellant money in payment therefor. Appellant told him to wait a few minutes, and he would put the bottled whiskey upon the corner of the fence, a few yards over the Amite county line, that is, in Amite county. Carter waited, and in a short time the whiskey was placed at the point indicated. This was indisputably proved on the trial. No one saw the appellant actually place the bottled whiskey on the fence. The money for the purchase of the whiskey had been delivered to Carter by a number of parties with the understanding that he was to procure the whiskey for them. There is no controversy about what actually occurred; the facts are as stated.

When the case was closed, the court below instructed the jury, in behalf of the state, that if they believed from the evidence in this case that Henry Anglin sold Carter whiskey in Louisiana and it was delivered in Amite county, then Anglin was guilty and the jury should so find; and refused to instruct the jury, although so requested by the appellant, that before they could convict they must believe beyond every reasonable doubt that Carter bought the whiskey, and also that the same

was delivered to him by the appellant. The question thus aris-
ing is on the correctness of the aforesaid instruction, granted
in behalf of the state, and the action of the court below in re-
fusing the appellant's instruction as asked. It is perfectly
manifest that if the whiskey was delivered by the appellant in
Amite county, then in the contemplation of the law the sale
took place in Amite county, and the appellant was guilty. If,
on the other hand, the sale and delivery took place in Louisiana,
the appellant would not be guilty. The instruction for the
state does not clearly set forth this proposition, but the instruc-
tion manifestly means that if Anglin sold Carter whiskey in
Louisiana, and delivered it to him in Amite county Mississippi,
appellant was guilty.

The appellant's requested instruction was erroneous in that
it made his guilt depend upon the delivery of the whiskey
by him in Amite county, Mississippi. It was not necessary
that he should actually deliver the whiskey in Amite county,
but if it was so delivered by some one acting for him, and not
as agent for the purchaser, then he is as guilty as if he person-
ally had made the delivery. Of course, if it had been deliv-
ered to a common carrier in the state of Louisiana for delivery
to the purchaser in Mississippi, then the delivery to the com-
mon carrier would have been delivery to the consignee; but
where, as here, no common carrier was employed and the de-
livery was made by the appellant, or someone acting for him,
and not for the purchaser, the crime was committed in Missis-
sippi. For instance, I order a quantity of whiskey from a
dealer in New Orleans to be delivered to me in Mississippi, by
express. The sale in such instance takes place in New Or-
leans, Louisiana, and the delivery is completed when made
there to the common carrier. On the other hand, I order a
quantity of whiskey and it is delivered to me in Mississippi,
the sale is effected in Mississippi. Code 1906, § 1404; *Rich-
burger v. State,* 90 Miss. 806; *Jenkins v. State,* 82 Miss. 500.

It is manifest that this was a mere scheme and subterfuge

to evade both the law of Mississippi and of Louisiana, and that such are unavailing in the courts of this state. *Pearson v. State,* 66 Miss. 510, 6 South. 243.

SMITH, J., delivered the opinion of the court.

The evidence in this case shows without conflict that the offer to purchase the whiskey, the acceptance thereof, and the payment of the price occurred in the state of Louisiana, near the Mississippi line, and that the whiskey was delivered across the line in the state of Mississippi. Appellant's request for a peremptory instruction, therefore, was properly refused. *Jenkins v. State,* 82 Miss. 500, 34 South. 217. And while the instruction given the state may not be a strictly accurate announcement, of the law, still, as applied to the facts of this case, it could not have misled the jury.

The third instruction requested by the appellant, charging the jury that they could not convict him unless they believed beyond a reasonable doubt that he sold the whiskey, correctly announced the law; but its refusal worked no prejudice to him, for the reason that the jury was specifically told in the state's instruction that they must believe beyond a reasonable doubt that the defendant sold the whiskey before they could convict him.

The matters complained of with reference to the admission and exclusion of testimony cannot be considered, under the rule announced in *Richburger v. State,* 90 Miss. 806, 44 South. 772. There was no error in the other matters complained of.

*Affirmed.*

After the delivery of the above opinion, counsel for appellant filed an elaborate suggestion of error, reiterating that as delivery only occurred in Mississippi, the statute law of this state was in no way violated. In response to which, the following opinion, on suggestion of error, was delivered:

SMITH, J., delivered the opinion of the court in response to the suggestion of error.

We have very carefully reconsidered this cause, and must adhere to our former opinion. Appellant suggests that, as delivery only occurred in this state, the laws thereof were not violated; and he relies upon *Tate v. State,* 91 Miss. 382, 44 South. 836. Counsel has misconceived the ground of that decision. In that case the appellant did not himself sell any whiskey. If guilty at all, it must have been as an accessory to an unlawful sale, thereby becoming a principal; the crime charged being a misdemeanor. The whiskey was purchased in Canton, where it was lawful so to do, and there, in Canton, delivered by the seller to the agent of the purchaser. This, in contemplation of law, was delivery to the purchaser. The sale was therefore complete in territory where it was lawful to make same.

In the case at bar, stating the facts more fully than in our former opinion, the purchaser sought the seller for the purpose of purchasing whiskey from him, met him at his (the seller's) yard gate in Louisiana, a short distance from the Mississippi line, and contracted with him for the purchase, not of any particular whiskey, but of nine bottles of whiskey, to be afterwards set apart for and delivered to the purchaser. This delivery was made by the seller in Mississippi, a short distance from the Louisiana line. No property passed in any liquor by virtue of the executory contract made in Louisiana. It remained the property of the seller until it was set apart for and delivered to the purchaser. When this was done, the sale was complete, and, in contemplation of law, was made at the place of delivery. "The statutory offense of selling spirituous liquors without license is committed by the sale which passes the property, and not by negotiations and bargains which precede the sale." *Banchor v. Warren,* 33 N. H. 183.

This whole matter was practically settled by the decision of this court in the case of *Pearson v. State,* 66 Miss. 510, 6

·South. 243, 4 L. R. A. 835. In that case the offer to sell, the acceptance thereof, and the payment of the purchase money ·occurred in Mississippi; but the delivery was made in Memphis, Tennessee. This sale was held to be complete, not in Mississippi, but in the city of Memphis. The court, speaking through Judge Campbell, said: "The point is: Where was delivery made? If the seller was to deliver the whiskey in Panola county, before any right accrued to him to claim pay for it, the ·sale was not complete until delivery at the place of its destination; but, if the delivery was in Memphis to the carrier as the ·agent of the buyer, the sale was then complete, and the law of Mississippi was not violated. A delivery to the carrier in the usual course of trade is deemed by law *prima facie* a delivery to the consignee, and according to the testimony that was the understanding of the parties in this case."

While the court referred to the time when the seller was entitled to demand payment, this was only by way of argument. The real question in the case, and the point on which the decision turned, was: "Where was delivery made?" A sale may be complete, and the title to the property pass, although the purchase price agreed on may never in fact be paid. Among the cases supporting the foregoing views are *Banchor v. Warren,* 33 N. H. 183; *Dunn v. State,* 82 Ga. 27, 8 S. E. 806; 3 L. R. A. 199; *City of Spring Valley v. Henning,* 42 Ill. App. 162; *Suit v. Woodhall,* 113 Mass. 391; *Northcutt v. State,* 35 Tex. Cr. R. 584, 34 S. W. 946; *Commonwealth v. Hugo,* 164 Mass. 157, 41 N. E. 123. See, also, 17 Am. & Eng. Ency. of Law, 301.

As this sale was made in Mississippi, appellant's guilt or innocence does not depend on Code 1906, § 1404. It is not necessary, therefore, for us to respond to counsel's comments thereon.            *Suggestion of error overruled.*