CHARLES E. HURLEY ET AL v. CITY OF CORINTH.

· [52 South. 695.]

1. MUNICIPALITIES.    *Ordinance.    Misdemeanors.    Code* 1906, § 3329.
   *Keeping intoxicating liquors for sale.    Laws* 1908, *chs.* 114, 115.

   A municipal ordinance making the storage or keeping for sale of intoxicating liquors an offense against the municipality is valid, the city being authorized, Code 1906, §§ 3329, 3441, to pass ordinances making all misdemeanors a municipal offense when committed within municipal limits, and the keeping of such liquors for sale being a misdemeanor under Laws 1908, chapters 114, 115.

2. SAME.ʼ *Same.    Sales.    Delivery to carrier.*

   An ordinance prohibiting storage of intoxicating liquors for sale within the state is violated by the storing of such liquors within the city, and the selling of the same on orders sent from outside the state to an agent in charge of the liquors, who on receipt of the orders and the price delivers the liquors to the carrier at such city, to be shipped to the consignees out of the state.

3. SAME.    *Same.    Same.*

   Where intoxicating liquor is stored within the state, and orders from outside the state are sent to the agent in charge of the liquor, accompanied by the price of the liquor, and on receipt thereof the agent delivers the liquor ordered to a common carrier, consigned to the persons who have ordered the liquor, such sales are made within the state, and violate statutes prohibiting sales within the state, as delivery to the carrier is delivery to the consignee.

4. PROHIBITION. *Writ of.   Office.*

The writ of prohibition may be resorted to in a proper case to prevent vexatious prosecutions under a void ordinance, but not to prevent prosecutions for the violation of a valid ordinance.

FROM the circuit court of Alcorn county.

HON. JOHN H. MITCHELL, Judge.

Hurley, and others, appellants, were plaintiffs in the court below; the city of Corinth, appellee, was defendant there.   From. a judgment in defendant's favor plaintiffs appealed to the supreme court.   The facts as stated by ANDERSON, J., were as follows:

"The appellant Hurley was convicted for a violation of an ordinance of the city of Corinth prohibiting the storage for sale of intoxicating liquors within the corporate limits of the city. The ordinance in question provides that every twenty-four hours the liquors so stored shall constitute a separate offense.   Conceiving the ordinance to be void, the appellants, Potts & Perkins, the owners, and Hurley, their agent, sued out a writ of prohibition and *certiorari,* by which it was sought to bring up before the circuit court for review the case in which Hurley had already been convicted, and have that court adjudge the ordinance void, and prohibit further prosecutions thereunder.   The writ was granted by the circuit judge, and later there was a trial, resulting in a dissolution of the writ of prohibition.   From this judgment, this appeal is prosecuted by the appellants.

"The appellants Potts & Perkins, who were liquor dealers in Cairo, Ill., established in Corinth a depot for the distribution of their liquors, claiming their purpose to be, not to sell the same in Mississippi, but to have them convenient for distribution to their customers in Tennessee and Alabama.   They put in charge of their warehouse, to attend to the filling of orders and shipping such liquors, the appellant C. E. Hurley.   After the establishment of this depot, and on November 4, 1909, the board

of mayor and aldermen of the city of Corinth passed the following ordinance:

" 'An ordinance prohibiting the storage of whisky or other intoxicating beverages in the city of Corinth for the purpose of sale.

" 'Be it ordained by the board of mayor and aldermen of the city of Corinth, Mississippi, in special called session assembled, November 4, 1909, that the storage or keeping of any kind of intoxicating liquors or beverages in the city of Corinth for the purpose of sale in said city, or within or without the state of Mississippi, except that kept under the state laws by druggists, be and the same is hereby prohibited, and that the party who shall have charge and possession of said liquors or beverages so stored or kept, whether he be the owner of such liquors or beverages or the agent of the owner, shall, upon conviction, be fined in a sum not exceeding ($50) or be imprisoned for ten days, or shall be both fined and imprisoned.

" 'Be it further ordained that every twenty-four hours' continuance by any party to store or keep within the city of Corinth any intoxicating liquors or beverages for the purpose of sale in said city, or within or without the state of Mississippi, excepting the keeping and storing by druggists as above provided, shall constitute a new offense, and shall subject the party so keeping and storing such liquors or beverages, upon conviction, to the pains and penalties herein provided for, whether such party shall be the owner of such liquors or beverages, or the agent of the owner.

" 'Be it further ordained that this ordinance shall take effect from and after November 8, 1909.'

"On November 17, 1909, the appellant Hurley was arrested, tried, and convicted for a violation of this ordinance on the following affidavit: 'Before me, J. P. Collier, mayor of the city of Corinth, in Alcorn county, in said state, and *ex officio* justice

of the peace, H. B. Rowell makes oath that on the 17th day of November, 1909, C. E. Hurley did wilfully and unlawfully have charge and possession of intoxicating liquors unlawfully stored and kept in the city of Corinth for the purpose of sale outside of the state of Mississippi, contrary to the ordinance in such case made and provided, and against the peace and dignity of the said city of Corinth.'

"Thereupon the appellants filed their petition for writs of prohibition and *certiorari,* which were granted, and afterwards on trial the writ of prohibition was dissolved. The trial was had on an agreed state of facts as follows:

" 'It is agreed that the following statement of facts shall be submitted to Judge John H. Mitchell on the hearing of the motion filed by the city of Corinth to dissolve the writ of prohibition issued in this cause:

" 'C. E. Hurley, at the time of his arrest and conviction in the mayor's court was, and is now, in charge and possession of a quantity of intoxicating liquors stored in the city of Corinth, Miss., and is working on a monthly salary for Potts & Perkins, who are the owners of the liquors, and who are liquor dealers residing in Cairo, Ill. That Hurley received mail orders from parties who reside outside of the state of Mississippi, said orders being accompanied in every case with either P. O. money order, or express money order, or the cash, and fills said orders by taking a quantity of liquors from the stock stored in Corinth and delivering the same to the express company in Corinth for transportation to the purchaser. Sometimes the orders are mailed to Potts & Perkins, Corinth, Miss., and sometimes to C. E. Hurley, Corinth, Miss.; said liquors having formerly been shipped by Potts & Perkins to Corinth, Miss., to be stored here. That the object of defendants in storing their liquors in Corinth is to sell same to parties who live outside of the state of Mississippi, by shipping to them as above set out, and to be more

convenient to their trade, and that, if testimony were taken in this case, all of the defendants would testify that it is not their intention to sell any liquor to any party living in Corinth, or in the state of Mississippi, nor do they sell any liquor to any party residing in this city or state. The question for the court to decide is whether the board of mayor and aldermen of the city of Corinth had the power to pass the ordinance in question. It is further agreed that the city of Corinth, prior to the adoption of said ordinance, passed an ordinance in accordance with Code 1906, § 3329, and have acted under same in so far as powers conferred under said section allow it.' "

*W. J. Lamb,* for appellants.

The appellee contends that the Code of 1906, § 3329, gives it authority and right to pass this ordinance. This section refers to "police regulation," but the section only gives the city authority to pass police regulation "for the preservation of good order and the peace of the municipality," and "adopt ordinances prohibiting in the corporate limits the commission of any act which amounts to a misdemeanor under the laws of the state." The city cannot rely on the first part of this act because the mere storing of whiskey, to be sold in a foreign state, has nothing to do with the good order and peace of the municipality where it is stored; and, if appellee relies on the latter part of this act to give it this authority, then why was it necessary for the ordinance to be passed, for, if the appellants violated the act of 1908, p. 116, then the city can proceed under this section. But, according to the definition of what are "police regulations" in the case of *Ex parte Bougeois,* this case does not come under this branch of the statute.

The acts of 1908 provide that "It shall be unlawful for any person in this state to have in his possession any intoxicating liquors with the intention and for the purpose of selling the-

same, or giving it away in violation of the law." Is it a violation of the law under this act to store liquors in Corinth to sell to the people of Alabama, or other foreign places? It is certainly the intention of the statute to make it a violation of the law to keep it in your possession when you intend to violate the law of this state by selling it or giving it away. The statute can have no extraterritorial effect and it cannot be contended that the mere storing of liquor is *per se* a violation of the law; and, if the liquors are stored for the purpose of selling them beyond the jurisdiction of this state, then the city cannot proceed under this act because the question revolves around the point of the storing of the liquor and in storing it for sale, or to be given away in violation of the law. If the storing in Corinth is not done for the purpose of selling it or giving it away in violation of the law of Mississippi, then we contend that this act had no effect and the appellants could not be reached under this act; and, as the city could not pass the ordinance under the police regulations without express authority in its charter to do so, then it cannot proceed against the appellants because of the ordinance being void; and, if the acts of 1908 are not applicable to the appellant, then it cannot proceed against him under this act. If the city could proceed under the acts of 1908, but, instead of doing so, undertook to pass an ordinance which is void, then the writ of prohibition should have been issued because the appellee in this case is standing absolutely on its ordinance, and not on any right under the general law.

Now, our contention is that the acts of 1908, § 1797, prohibiting any one having in his possession intoxicating liquors applies to one having it in his possession with the intention of violating the law of the state of Mississippi, and, if this be correct, one having in his possession liquors for sale in foreign states is not any violator of this act, or of any law of the state.

Section 1748 of the same act provides that "there shall be no

property in any intoxicating liquors kept or offered for sale, or to be given away, in violation of the law." Now this clearly means in violation of the law of the state, and there is a property right in liquors kept for sale in other states when it is not in violation of any law of this state, when kept.

Had the storing of these liquors been conducted in such a way as to become a nuisance and the place where the same was stored had been declared a nuisance by the city authorities, then, under its police regulation, it could prohibit the storing of same, but such is not contended in this case.

It cannot be contended that there is a violation of any law *per se* in the mere storing in the storehouse of a quantity of liquors. It is a property right and a thing of value until the storing becomes the source or means to be used in violation of some law of the land; and we contend further that the storing of the liquors in this place, and the sale of it in a foreign state where the sale of liquors are prohibited, can not be reached in this state till some law of this state is violated.

Now, coming to the ordinance in question, we call the court's attention to the fact that this ordinance says "that the storage or keeping of any kind of intoxicating liquors or beverages in the city of Corinth for the purpose of sale in said city, or within or without the state of Mississippi" is prohibited. Granting for argument's sake, that the city of Corinth had the right under its police regulation to pass the ordinance to prohibit the storing of liquors in the city, it could not go any further than prohibit the sale of it in the city of Corinth, so that part of the ordinance which is an attempt to prohibit the storing for sale within the state is void unless the sale should take place within the city as it is an attempt on the part of the city to legislate what shall be done in the state outside of the city. Now, it certainly will not be contended that if liquor is stored in Corinth and a sale is made in Jackson, Mississippi, the city of Corinth could

undertake to legislate as to what took place in Jackson; and we are sure that it will not be contended by any one that the city of Corinth can or will undertake to legislate as to the sales of liquor outside of the state. Now, these two clauses of this ordinance are and must be absolutely void for no ordinance that the city can pass would have or could have extraterritorial effect as every municipality is confined to its own limits in enforcing its ordinances.

In the case of *People v. Armstrong,* 16 Am. St. Rep. 583, the court says: "Laws which attempt to regulate and restrain our conduct in matters of mere indifference, without any good end in view, are regulations destructive of liberty. Under our constitution and system of government the subject is left entire master of his own conduct, except in points where the public good requires some direction or restraint."

The acts of 1908 make it unlawful for any person to have in his possession any intoxicating liquors when the same is held for the purpose of violating the law. Now, suppose any quantity of liquor was stored in Corinth, the warehouse rented, the liquors were placed therein and locked up. This act is violative of no law of the state, and it only becomes a violation when it is stored for the purpose of selling or giving it away in violation of the law. The legislature gives the city no authority in its charter to pass this ordinance. Section 3329 of the Code of 1906 gives the city no authority to pass it. So, then, where does the city acquire its right to enact such a law? It is absolutely without authority and power, either express or implied, to pass the ordinance, and we think that we are amply sustained by the decisions above referred to.

*J. M. Boone* and *Conn & Warriner,* for appellee.

The city of Corinth evidently has the right to pass this ordinance insofar as that part of it prohibiting the storing of

liquors in the city for sale, is not in conflict with the laws of the state of Mississippi, or the public policy of the said state, as has been shown through its legislative enactments. The acts of 1908, p. 117, § 1748, provides that there shall be no property in any intoxicating liquors kept or offered for sale; and this statute does not confine itself to keeping of liquors and offering the same for sale in the state, but provides that it cannot be kept or offered for sale. In other words; our statute makes a complete outlaw of the liquor traffic in all of its phases, and this ordinance is in harmony with the policy of our state. It is clear that the city had the power to pass any ordinance touching on the liquor traffic even to the extent of its absolute destruction.

Wherever the possession of power is established a generous measure of its exercise will be permitted, to the end that it may effectuate its purpose. 28 Cyc. p. 265, par. 3.

Municipal functions are governmental functions. The governmental functions include the exercise of power for the public weal and general welfare, it being the exercise of power for which it receives no compensation. 28 Cyc. p. 267, (b).

This ordinance is clearly the exercise of a power for the public weal and welfare generally, from which source no compensation is to be received by the city, but the power is exercised alone for the public weal and general welfare, and this power is inherent in a municipality.

If the court should be of opinion that that part of the ordinance prohibiting the storing of liquors in Corinth for sale in other states is void, then this need not interfere with that part of the ordinance prohibiting the storing of liquors in Corinth for sale in the state, because the two subjects are not so connected with each other that the elimination of the one would destroy the other. And this is a familiar rule of construction. *Fant v. Gibbs,* 54 Miss. 411.

The agreed statement of facts in this case shows the manner

in which the business of the said Hurley was conducted in Corinth to be: The liquors were owned by Potts & Perkins, of Cairo, Illinois, and the liquors were shipped to Corinth for storage, and that orders would be taken from parties living in different states, Alabama, and Tennessee, and the orders sent to Corinth, or to Cairo and then to Corinth, and upon the receipt of the said orders from purchasers by Hurley he would ship the goods to the purchasers. The statement of facts is silent as to whether the seller or the purchaser would pay the transporatation charges. Therefore, we contend that, so far as the statement of facts is concerned, Hurley's business is a sale of liquors in Corinth.

Now, where, by the terms of a contract for sale of intoxicating liquors it remains upon the seller to fix upon the specific liquors to answer the order, to separate them from a larger quantity, and to forward them in accordance with the contract or agreement, the place of sale must, for all purposes, be considered the place where the seller performs this act. 17 Am. & Eng. Ency. of Law, p. 300.

The authorities seem to be universal that the place of segregation is the place of sale. 17 Am. & Eng. Ency. L. p. 301, 42 Am. Rep. p. 550; 56 Am. Rep. 624.

Where beer is warehoused in one town and delivered by an agent, it must be deemed to have been a sale in that town, although the principal lives in an adjoining town and has his office there, and receives there the communications from the persons wanting the beer. 17 Am. & Eng. Enc. L. p. 302, *Spring Valley v. Henning,* 42 Ill. App. 159.

In the absence of an agreement to the contrary, the vendor is not bound to send or carry the goods to the vendee. Benjamin on Sales, p. 635. (Bennett's Notes, 1888).

As to the place where the delivery is to be made, when nothing is said about it in the bargain, it seems to be taken for granted

almost universally that the goods will be at the buyer's disposal at the place they are when sold.   Benjamin on Sales, p. 637. (Bennett's Notes 1888).

Where the vendor is bound to send the goods to the purchaser, the rule is well settled that the delivery to the common carrier, *a fortiori* to one especially designated by the purchaser, is a delivery to the purchaser himself, the carrier being the bailee of the person to whom the goods are sent.   Benjamin on Sales, p. 647.   (Bennett's Notes 1888.)

The presumption of law is that the consignee is the owner of the goods in the absence of any evidence to the contrary.   *Krudler v. Ellison,* 7 Am. Rep. 402.

The delivery to the carrier in the usual course of trade is deemed in law, *prima facie,* delivery to the consignee.   *Persons v. State,* 66 Miss. 510.

Where an offer to sell is made out of the state, the acceptance out of the state, and the price paid out of the state but the delivery made within the state, it is a sale in this state.   *Anglin v. State,* 96 Miss. 215, 50 South. 492.

The facts in this case put Hurley within the provisions of this ordinance, in which it prohibits the storage in Corinth for the purpose of sale in the state, as the manner of handling the business as set forth in the agreed facts, makes out a clear sale within the city of Corinth.

ANDERSON, J., after stating the facts as above, delivered the opinion of the court.

Conceding that the ordinance in question, so far as it attempts to prohibit the storage of intoxicating liquors within the municipal limits of the city of Corinth for sale without the state, is void (which we do not decide), there is left an ordinance prohibiting such storage for sale within the state, which is separable from such objectionable clause and may stand alone.   One

is not dependent on the other. There is a complete and consistent ordinance, susceptible of being enforced, without the objectionable provision. Had the city the power to pass such an ordinance?

Corinth is not under the provisions of chapter 99, Code 1906, and amendments thereto. It has a separate charter of its own; but section 3329, Code 1906, is made part of its charter by section 3441 of the Code, and section 3329 provides that municipalities may pass ordinances prohibiting, within their corporate limits, the commission of any act which amounts to a misdemeanor under the laws of the state. This is express authority for the ordinance in question; for section 1797, c. 114, and section 1746, c. 115, Acts 1908, denounce as a misdemeanor the having in possession, or keeping, for unlawful sale, intoxicating liquors, and that is exactly what the ordinance does, with reference to such liquors so kept within the corporate limits of the city.

Under our statute there can be no valid keeping for sale of intoxicating liquors, except by druggists, for limited purposes named in the law. The ordinance in question excepts from its provisions such druggists, and prohibits the storage of intoxicants for sale, etc., meaning for unlawful sale; for there can be no lawful keeping for sale for any other purpose. In other words, the ordinance prohibits storing or keeping intoxicating liquors within the limits of the city of Corinth, for unlawful sale, as do our statutes. The agreed facts show that appellants had their liquors stored in the city of Corinth for sale in violation of the laws of the state; that the only sales made from their warehouse were in violation of the laws of the state; that such sales were made within the state, and within the corporate limits of Corinth; that orders were received from persons outside of the state, addressed to Potts & Perkins, or to their agent, Hurley, at Corinth, accompanied with either express or post office money

orders for the price, and on receipt of such orders the liquors were delivered to the carrier at Corinth and shipped to the consignees out of the state. Sales so made are sales within this state, and in violation of the statutes thereof. Delivery to the carrier was delivery to the consignee. *Pearson v. State,* 66 Miss. 510, 6 South. 243, 4 L. R. A. 835; *Anglin v. State,* 96 Miss. 215, 50 South. 492.

We decline to consider the questions whether the ordinance is valid, so far as it prohibits the storage of intoxicants for sale out of the state, and whether appellant was legally convicted for a violation of that provision; for they are not before the court. We have here a valid ordinance, and the agreed facts showing a continuous violation of same by the appellant, Hurley, and, further, that if the provision making storage for sale out of the state were valid, it is not being violated; for such agreed facts show that all sales were made within this state.

The writ of prohibition may be resorted to in a proper case to prevent vexatious prosecutions under a void ordinance, as held by this court in *Crittenden v. Booneville,* 92 Miss. 277, 45 South. 723; but this is not a case of that kind.

*Affirmed.*