## ROBERT PAGE v. STATE.

### [59 South. 884.]

INTOXICATING LIQUORS.  *Sale.  Acting as agent.*

Where on the trial of a defendant under an indictment charging him with the unlawful "sale" of intoxicating liquors, the evidence showed that several parties had given money to defendant with which to order whiskey for them from New Orleans, Louisiana, and that the whiskey was so ordered and afterwards delivered by defendant to these parties, in such case defendant was not guilty of selling the whiskey and the court should have so instructed.

APPEAL from the circuit court of Claiborne county.
HON. H. C. MOUNGER, Judge.

Robert Page was convicted of the unlawful sale of intoxicating liquors and appeals.

The facts are fully stated in the opinion of the court.

*R. B. Anderson,* for appellant.

The instruction asked by the defendant which was refused was drawn along the theory that if defendant had merely ordered the liquor out of the state, as an accommodation, he was not guilty of unlawful retailing.

The court will please bear in mind that the indictment charged unlawful retailing and not acting as agent, and, therefore, as there was ample proof offered upon which to base this instruction, it should have been given. This was the only one of the instructions asked by defendant which could possibly benefit him with the jury, in view of the instruction given the state, because that given the state told the jury to convict if defendant received the money and delivered the whiskey. I would like to impress the idea upon the court that a man may receive money in this state, send it out of the state for liquor and afterwards deliver the liquor here and not be guilty of anything more than acting as agent. The instruction for the state excludes this idea entirely and had defendant been given this fourth charge as asked his theory of defense would have been properly placed before the jury. I contend that it was gross error to have given the instruction asked by the prosecution and graver error still to have then refused defendant's charge numbered four.

It is submitted that the testimony in this case does not uphold a verdict of guilty of retailing, and if any offense was committed at all, it was that of acting as agent for the purchaser. A man cannot sell that which does not belong to him and to which he has no title. There is no conflict in the testimony as to the sending of the money to New Orleans or that it amounted to mere agency. In all the cases decided by our court, where the facts were similar to the facts in this case, and where convictions have been upheld, the charge has been that of acting as agent and not of retailing.

*Frank Johnston, Jr.,* assistant attorney-general, for the state.

There is a question arising upon the testimony in this case as to whether these transactions constituted sales of liquor by the defendant to these several parties, or

whether the defendant was simply acting as their agent in purchasing the whiskey for them.

In the first case, clearly the statute is violated in respect to the sale of liquor, but if, however, these facts did not constitute a sale, they brought the defendant under another statute against acting as an agent for a party for the purchase of whiskey, but under this indictment, he could not have been convicted of a charge of this latter character.

The first instruction for the state, as a matter of law, instructs the jury that the facts proven constitute a sale of liquor. That is the effect of the instruction, for it tells the jury that if they believe that the defendant received money from these different parties for the whiskey and that he afterwards delivered the whiskey to the said parties, having previously received the money therefor, as testified to by the witness for the state, then he is guilty as charged in the indictment. In other words, the court construed the law on these facts to be that the defendant has made a sale of the liquor to these several parties. I submit this question to the court in its two divisions; whether the facts testified to by the witnesses make out per se a case of illegal sale of liquor; or whether it is of such equivocal character that it should have been left to the jury to decide whether it was a sale of liquor, or whether the defendant was acting as the agent for the parties. The determination of these questions lies in so small a compass, and is so simple that I will submit them to the court with the single observation that if these were not sales of the liquor by the defendant, and are not to be so treated by the law, then the evasion of the law is a very simple and easy matter by a defendant who simply procures whiskey in this way and cloaks himself when indicted for a sale under the guise of selling the liquor as the agent for the parties. The facts are undisputed as testified to by the witnesses and it was only a question of law for the court to decide on the facts as

to whether the statute against the sales of liquor has been violated in this instance.

On this branch of the case, therefore, I will submit the question to the court as to the correctness and propriety of the first instruction granted for the state.

The third instruction refused by the court for the defendant was erroneous in requiring, as an element of the offense, that there should have been an illegal intent, as the intent forms no part or element of the statutory offense.

The fourth instruction asked for the defendant was correctly refused if the ruling of the court in granting the first instruction for the state was correct, and the reason that the court evidently regarded the facts as constituting a sale, although the parties who received the liquor stated in their testimony that the defendant had ordered the whiskey for them, and although the defendant had testified that he made no profit in the transaction. I think clearly that the question of the profit or no profit in the transaction where a sale was made did not affect the legal question as to the commission of the offense in any manner whatever. It is a sale without reference to the profit that constitutes the statutory offense, so that if this court is of the opinion that the first instruction granted for the state, and the ruling of the court thereon in respect to the illegality of the transaction is correct, then clearly the action of the court in refusing the fourth instruction was logically correct.

Cook, J., delivered the opinion of the court.

Appellant was indicted and tried for the unlawful sale of intoxicating liquors, and the evidence shows that he did not sell, but acted as the agent of both the seller and buyer. Several witnesses testified that they went to appellant and requested him to order Christmas whiskey for them; that they delivered the money to him in this state, and afterwards the whiskey was shipped by ex-

press from New Orleans to Port Gibson. Appellant took the whiskey from the express office to his barber shop, within the jurisdiction of the trial court, and there delivered same to the persons who had procured him to order it for them.

There was no sale in this state, and the trial court should have peremptorily instructed the jury to return a verdict of not guilty. Defendant may have been guilty of a violation of the law, but the evidence failed to make out a case under the present indictment.

*Reversed and dismissed.*