## CLEM DANTZLER *v*. STATE.

[61 South. 305.]

INTOXICATING LIQUORS. *Sales.* *What constitutes.*

A defendant was not guilty of the sale of intoxicating liquors, where a number of persons chipped in and made up the money to buy a keg of beer and delivered the money to defendant with the understanding that he was to order the beer for them to drink, and defendant ordered the beer and paid for it with the money which

had been made up in this manner, the beer being shipped from Louisiana to a point in Mississippi and the only money which was paid to defendant at the time of the opening and drinking of the beer was for ice and express charges on the beer, and defendant rceeived no other money.

APPEAL from the circuit court of Forrest county.

HON. PAUL B. JOHNSON, Judge.

Clem Dantzler was convicted of unlawful retailing and appeals.

Appellant was indicted for the unlawful sale of intoxicating liquors. His theory of the case was that he and other parties had all chipped in to order a keg of beer and that the price thereof was prorated among them, and that the other parties handed him their *pro rata* share, and he ordered the beer from New Orleans, La., to be shipped to Hattiesburg, Miss., and sent the money collected by him in payment therefor, and that when the beer arrived he took up another collection to pay for ice, etc.

On the trial, the court refused instruction No. 2, asked by appellant, which is as follows: "The court instructs the jury, for the defendant, that if they believe, from the testimony, a number of persons chipped in and made up the money with which the beer was bought, and delivered it to the defendant, with the understanding that he was to order the keg of beer for them, to be drunk, and fixed the time and place of meeting to drink said beer, and that the defendant ordered the beer, and paid for it with the money which had been made up in the manner testified, and that the beer was shipped from the city of New Orleans, in the state of Louisiana, to the defendant in the city of Hattiesburg, in the state of Mississippi, and that the only money which was collected and paid to the defendant at the time of the opening and drinking of the beer was to pay him for the hauling, the ice, the hauling of the ice, and the express, and that the defendant received no other money, then, under the law, the defendant is not guilty of a sale, and it is the sworn duty of the jury to acquit the defendant."

*Currie & Currie* for appellant.

The defendant was entitled to the peremptory instruction requested, and we humbly submit that the court erred in refusing it.  But this is not the only grievous error which the court committed in the law.  The second instruction granted the state by the court was tantamount to and in effect was a peremptory instruction to the jury to find the defendant guilty.  We quote that instruction literally: ''The court further instructs the jury for the state that if you believe from the testimony beyond a reasonable doubt that the defendant received any money in Forrest county for intoxicating liquors, agreeing to deliver such liquors, and afterwards, in consideration of any money so paid him, delivered in said county and state to any person or persons so paying him, intoxicating liquor, then under the law of the land the defendant is guilty as charged, and you should so find.''

This instruction ignores and omits altogether the facts with reference to the manner in which the money was paid to the defendant, the understanding with which it was paid to him, the purpose for which it was paid to him, and also the manner in which the beer was dispensed. In short it simply stated to the jury that if they believed a sum of money was made up with which to order the beer and that the defendant afterward ordered the beer and delivered the same at the place and time agreed on, then he was guilty of the unlawful sale of intoxicating liquors; epitomized still further it states to the jury in substance that if they believe the testimnoy of the state's witnesses and as to that matter the testimony of the defendant, then it was the duty of the jury to convict.  Of course a jury could do nothing except convict the defendant under this instruction, because the defendant himself admitted and testified, as did a large majority of the state's witnesses, that a fund was made up with which to order the beer and that he did order and pay for the beer with this common fund and delivered it at the time and place agreed upon.

Unless it be the law that two or more persons cannot made up a common fund with which to order and pay for beer, deliver that fund to one of the parties with which to order and pay for the beer and when it is so ordered and payed for, the person ordering and paying for the beer with the common fund is guilty of the unlawful sale of intoxicating liquors, this instruction is totally wrong. By it the jury was, in substance, peremptorily told that this is the law. We assert that such is not the law. There is no statute or decision in this state making this the law. On the contrary it has been once or twice, perhaps oftener, held by the court to be no violation of the law. Such doctrine finds no lodgment in common sense. It would be an abridgement of the rights of a citizen.

This instruction is obnoxious to the further objection that it wholly fails to incorporate the defense of the defendant which is: That the defendant merely ordered with a common fund to which he contributed the beer and delivered it at the time and place agreed upon for the tapping and drinking and that the only money he received at that time and place was the collection taken up to pay the express, for the ice and for the hauling. This we urge was a perfect defense under the law and the defendant was entitled to have the jury instructed that if they believed these facts, it was their duy to acquit the defendant. In harmony with this view of the law and predicated upon the facts of the case as established not only by the testimony of the defendant but a large majority of the state's own witnesses, the defendant requested the following instruction which was refused by the court:

"The court instructs the jury for the defendant that if they believe from the testimony a number of persons chipped in and made up the money with which the beer was bought and delivered it to the defendant, with the understanding that he was to order the keg of beer for them, to be drunk, and fixed the time and place of meeting to drink said beer and that the defendant ordered the beer

and paid for it with the money which had been made up in the manner testified, and that the beer was shipped from the city of New Orleans, in the state of Louisiana, to the defendant in the city of Hattiesburg, in the state of Mississippi, and that the only money which was collected and paid to the defendant at the time of the opening and drinking of the beer was to pay him for the hauling, the ice, the hauling of the ice and the express, and that the defendant received no other money, then, under the law, the defendant is not guilty of a sale, and it is the sworn duty of the jury to acquit the defendant.''

With this instruction refused the defendant was cut off absolutely from the defense, and the instruction granted the state and copied herein in full became at once in substance and effect a peremptory one against the defendant.

In the case of *Oliver* v. *State*, 39 Miss. 526, this court said, ''Instructions should have regard to the case made by the evidence and explain the law clearly with reference to it; it will be error, therefore, if the court in charging the law, in reference to a case supposed in an instruction, exclude from the consideration of the jury a material question presented by the evidence.''

In the case of *Jackson* v. *State*, 66 Miss. 89, this court says: ''An instruction is erroneous which directs a conviction, if the jury believe certain evidence stated in it, and does not have reference to all the circumstances attending the parties as shown in the evidence.''

In the case of *Pore* v. *State*, 75 Miss. 727, this court said: ''An instruction is erroneous which purports to state hypothetically all the facts of the case, but which omits portions thereof, material to the accused.''

In the case of *Littlejohn* v. *State*, 59 Miss. 273, this court said: ''The fact that an instruction is warranted only by the testimony of the accused, who is contradicted throughout, does not affect his right to have the legal principal announced to the jury.''

For a much stronger reason was the defendant in this case entitled to have the principal of law with reference

to his defense announced, because that defense was overwhelmingly proved by the state's own witnesses.

The testimony in this case shows that the cask or keg of beer was ordered from the United States Liquor Dealers in the city of New Orleans, in the state of Louisiana, and shipped to the defendant and delivered to him in the city of Hattiesburg, and that the only money paid to the carrier by the defendant was the express, and under the law of sale the delivery of the beer to the carrier in New Orleans completed the sale, the testimony further shows that the common fund made up with which to purchase the beer accompanied the order for the beer. If it be conceded, as it must be, that the beer was community property, or the common property of the contributors, delivery thereof to the defendant was delivery to all in the law, and the possession held by him was in law the possession of all. There is no ground for controversy here and we do not pause to cite authorities.

The testimony shows that the beer was drunk indiscriminately without a measuring out to anyone any particular quantity thereof, and indeed persons who had contributed, either toward the original purchase money of the beer or the collection to defray the expenses incident to getting it out to the place of tapping, and the burden was on the state to show that the beer was not drunk in proportion to what each had paid or advanced for the purpose of purchasing the beer, or to state it more accurately that the defendant sold for money his interest in the beer or some portion thereof, and this the testimony wholly fails to show. This fact cannot be merely assumed against the defendant. The fact is there was no measurement or attempt at any measurement of the beer, but everybody drank from the keg indiscrimnately as long as it lasted.

We cite the case of *Johnson* v. *State*, 63 Miss. 228. Also Miss. Reports Annotated Edition, Book 31, p. 92. This authority is decisive of this case on the facts. This au-

thority is also decisive of the errors complained of in granting the second instruction for the state and in refusing the third instruction requested by the defendant. We urge the court to lay this record down by this case and say in its judgment whether the facts in the record and the law granted the state by the court and refused the defendant by the court, measured by the legal standard set up in this authority which we perceive to be based upon sound reason, common sense and justice in short to be sound law, a sale of intoxicating liquors is made out against this defendant?

We cite the case of *Pearson* v. *State,* 66 Miss. 510, as conclusive of the proposition that the sale of the keg of beer to the joint purchasers was complete on its delivery to the common carrier in New Orleans, and that it was no violation of the laws of the state of Mississippi.

This defendant was prosecuted and convicted under section 1746 of the Code of 1906 on a charge of the unlawful sale of intoxicating liquors as therein prohibited, and not as acting as agent in the unlawful sale of intoxicating liquors, and the sentence pronounced against the defendant was that provided for a violation of section 1746, and not that provided in the case where one has been tried and convicted for acting as agent under section 1771 of the Code of 1906, but we have shown by authority that there could be no unlawful agency under the facts in this case because the sale was completed in the state of Louisiana, and we follow this discussion no further.

There is a later decision of this court in which we believe Chief Justice Smith delivered the opinion of the court, which upholds our contentions both as to the facts and the errors complained of in the instructions, but we are unable to lay our hands upon it and to cite it.

*Frank Johnston,* assistant attorney-general, for the state.

The first contention of the learned counsel for the appellant is, that this evidence does not warrant a convic-

tion for the reason that the state's witnesses differ in regard to the nature and character of the transaction; and further, that the testimony of the defendant's witnesses show that it was not a sale of liquor within the meaning of the prohibition laws of the state.

I do not agree with the learned counsel in respect to either one of those propositions. In the first place, the state is not estopped, or precluded, from showing the truth and to give facts of a transaction because of testimony of a state's witness which is contrary to the statement that another state witness may make. If two state witnesses make different statements in regard to the matter in issue, it is clearly for the jury to decide which one is the correct version, and which is to be accepted as the basis of their verdict. Two of the state's witnesses have testified that this was a sale of the liquor by Clem Dantzler, and that five dollars was collected to pay for the beer that he dispensed on that occasion. It does not destroy this case made by these two witnesses that another state witness tells a different story, for at last it is a question for the jury to determine.

I do not concur with the other proposition of the appellant's counsel that the whole testimony in the case shows that the verdict was not warranted, and that there was not a sale of liquor in violation of the law. There is a conflict between the witnesses for the state and the witnesses for the defendant, but this conflict presents a question purely and simply within the province of the jury, and it was for them to decide between the witnesses for the state and the witnesses for the defense, including the defendant who testified in his own behalf. According to the statement, therefore, of the two first witnesses for the state, there was sufficient proof of a sale to sustain the verdict of the jury and as I remarked at the outset, the state's case, thus based on the testimony of these two witnesses, was not destroyed by the fact that another State witness gave another version of the matter. The ques-

tion in this case upon which the decision of the appeal must rest is the refusal of the court to grant the second instruction asked by the defendant. That instruction stated, in the simplest form, to the jury that if this beer was purchased in New Orleans, La., and paid for by Clem Dantzler with the money contributed by himself and the other parties for whom he ordered the beer, and that he did not make a sale in the state of Mississippi, but the beer was drunk by the parties who had paid for it, and that the money contributed at the beer tapping was for the ice, express charges and hauling, and not for the beer, that the defendant, on this hypothetical state of facts, was not guilty.

The whole case, therefore, turns upon the question as to the correctness of the charge asked for the defendant and which was refused by the court. I concede in the case, that this defendant was not indicted under the statutory provisions making it a penal offense for one person to act as an agent for the other in the purchase of liquor which is a separate statutory offense and distinctly distinguished from the offense of selling the liquor. The question for the jury to decide in this case under this indictment was, whether the defendant had actually sold the beer at the time that the beer was drunk in the woods, and this involved the further question whether or not, if the statement of Clem Dantzler and Bus Travis was true, Dantzler was guilty of any offense at all under the charge made in the indictment.

This court has held in *Pearson* v. *State,* 56 Miss. 510, that a purchase of liquor outside of the state for shipment to a buyer within the state is not a sale within the state within the antiliquor laws of this state. The case of *Johnson* v. *State,* 63 Miss. ——, presents this state of facts: that A. had been accustomed to sell whiskey by the gallon. R. went to him to buy as usual; A. said he was out of whiskey and he wanted some himself, so R. gave fifty cents to A., and A. added the additional money that

was necessary and went over to H. and bought a gallon for himself and R. and returned and gave R. one pint which was the quantity in proportion to the money furnished by R. This was held by the court to be a joint purchase, and not a sale of the whiskey under the statute.

If these decisions announce the law correctly as applied to this case, then the single question for this court to determine is whether the second charge asked for the defendant should have been given for the defendant by the court; for if this defense is valid, I must concede that the defendant was cut off from it by the refusal to grant the second charge asked for the defendant. Upon these observations, I respectfuly submit the case to the court.

Smith, C. J., delivered the opinion of the court.

The court below, in refusing to grant the second instruction requested by appellant, committed fatal error, as will appear from an examination of *Page* v. *State,* 59 South. 884, *Johnson* v. *State,* 63 Miss. 228, and *Pearson* v. *State,* 66 Miss. 510, 6 South. 243, 4 L. R. A. 835.

*Reversed and remanded.*