Mr. Justice Clayton
delivered the opinion of the court.
This is a prohibition issued by, the circuit court of Jasper county, against its board of police and sheriff. The objecUin view is to prevent the levy and collection of a special tax in that county, for the payment of a contract for the building of a courthouse.
The law in regard to the writ of prohibition is very plain. Its purpose is to restrain and prevent a court of peculiar, limited or inferior jurisdiction, from taking judicial cognizance ot cases not within its jurisdiction. It is founded upon a suggestion that the cause originally, or some collateral matter arising therein, does not belong to that jurisdiction. 3 Bl. Com. 112. Beyond these two grounds, a superior court will not interfere. When the matter is within the general jurisdiction of the court below, and in the conduit of the trial they have not exceeded their authority, the court above will not, on an application for a prohibition, inquire whether they have decided right or not. Grant v. Gould, 2 H. B. 100; Washburn v. Phillips, 2 Met. 296; People v. Seward, 7 Wen. 518.
There is nothing in these principles, which warrants the interference by writ of prohibition in this case, even if such writ can be issued, under any circumstances, by the circuit court to the board of police — a matter which we do not now undertake to determine. The law confers upon the boards of police power to levy and collect a special tax, sufficient to build or repair any court-house, or jail, or other county buildings, for their counties respectively. H. & H. 454. Their jurisdiction over such matters is unquestionable, and hence there is no room for the interference of the circuit court by writ of prohibition. Whether there be any mode to correct a wrongful exercise of the power, we need not now determine; it is sufficient to say, that this is not the remedy.
Judgment reversed, and petition dismissed.