BLEWETT *v.* STATE, 34 Miss. R., 606.

#### GAMING.

To constitute the offense of gaming under the statute, one or other of the parties must gain by the game. But in a game of billiards, in which the loser pays a fee to the owner of the table for its use, neither of the players gain anything. *Ergo*, such a game of billiards is not gaming under a statute.

Error to Lowndes circuit court. HARRIS, J.

*James T. Harrison* and *T. R. Crusoe*, for plaintiff in error.

In this case there was no bet or wager on the result of any game of chance. It was a game of billiards, played in a regularly licensed billiard saloon, and according to the rules of such saloon the loser of the game was required to pay a fee to the owner for use of the table; and this cannot amount to gaming.

At common law gaming houses were indictable as a public nuisance; but unless restrained by statute, ordinary wagers, or betting, were tolerated as being for amusement or recreation. 1 Chitty's Cr. Law, 677; 1 Russ. Cr., 300, 406; Vanderworker v. State, 13 Ark., 700; Norton v. State, 15 Ark., 72.

"It seems that by common law, the playing at cards, dice,

&c., when practised innocently, and as a recreation, the better to fit a person for business, is not at all unlawful, nor punishable as any offense whatever." 4 Bac. Abr. (Am. Ed.), title Gaming, A., 17.

A billiard-table was not indictable at common law, unless it was used for the purpose of gambling. Butler's case, 1 City Hall Recorder, 67.

Billiards and bowling are frequently used for the purpose of amusement and recreation, and it is customary for the losing party to pay the proprietor a reasonable compensation for the use of a table, alley or saloon; and paying for such game by the loser is not gaming within the meaning of the law. People v. Sergeant, 8 Cow., 140; Lewis' U. S. Cr. Law, 341, 343, 344; Waterman's Archbold, 609, 610, 611; Williams v. State, 12 S. & M., 38; 2 Dana, 298; 7 Yerger, 526; 5 ib., 160; Anthony v. State, 4 Humph., 85; 8 Blackf., 403; Hale v. State, 8 Texas, 171, 172; 4 Indiana, 560. The rule of the game was a matter of fact, which the court had no right to decide. Armstrong v. State, 4 Blackf., 247, 248, 249; Montee v. Commonwealth, 3 J. J. Marsh., 134; Glasscock v. State, 10 Missouri, 509, 510.

The offense was committed within the corporate limits of the town of Columbus. Acts 1854, p. 438, § 8; Legoir v. State, 8 S. & M., 699; Montgomery v. State, Opinion Book "G," 4.

*T. J. Wharton*, attorney general.

FISHER, J.

This was an indictment in the circuit court of Lowndes county, charging the defendant with playing for money, or other valuable thing, at a game of billiards.

The proof is, that the playing was at a regularly licensed table for that purpose, and the defendant being the loser of the game, it was presumed that he paid the regular fee chargeable by the owner of the table. Supposing both facts to be true, still no offense was established against the law.

To constitute gaming, one or other of the parties must expect to profit by the game. Here neither could derive such profit, because neither was entitled to the fee paid to the owner of the table.

Admitting that it is the rule of the game, that the loser shall pay the fee, the owner has a perfect right to make his contract in this way, the law not prohibiting this mode of contracting.

Judgment reversed, and *venire de novo* awarded.