MACK CRITTENDEN v. TOWN OF BOONEVILLE.

[45 South., 723.]

1. MUNICIPALITIES. *Pool rooms. Right to suppress. Code* 1906, § 3340. *License tax. Code* 1906, §§ 3778, 3893.

The operation of billiard tables and pool rooms:

(*a*) Are not wrong *per se;* and

(*b*) Are by statute, Code 1906, § 3778, made the subject of a license or privilege tax; therefore

(*c*) Code 1906, § 3340, giving municipalities power to regulate and suppress them, only authorizes their prohibition when so conducted as to become a nuisance; although

(*d*) Code 1906, § 3893, provides that the payment of a license or privilege tax shall not legalize any business.

2. SAME. *Powers strictly construed.*

Powers delegated to municipalities by the legislature:

(*a*) Are intended to be exercised in conformity to and consistent with the general laws of the state; and

(*b*) Are to be construed most strongly against a right claimed but not clearly given; and

(*c*) An ordinance prohibiting a properly conducted lawful business, the subject of a license tax, is void.

3. PROHIBITION, WRIT OF. *When to be issued.*

The writ of prohibition is an extraordinary writ to be issued only in case of extreme necessity, where no other remedy in the ordinary course of judicial procedure is available.

4. SAME. *Code* 1906, § 992. *Case.*

Under Code 1906, § 992, authorizing the issuance of remedial writs when necessary to attain right and justice, a petitioner whose place of business has been closed and his property made useless to him by prosecutions for violations of a void municipal ordinance against the operation of his pool room, is entitled to a writ of prohibition, although he has been convicted under the pretended ordinance.

FROM the circuit court of Prentiss county.

HON. EUGENE O. SYKES, Judge.

Crittenden, appellant, was plaintiff in the court below; the town of Booneville appellee, was defendant there. The suit was

by writ of prohibition. From a judgment denying plaintiff relief he appealed to the supreme court. The facts are fully stated in the opinion of the court.

*Leftwich & Tubb* and *E. C. Sharp,* for appellant.,

*Strange & Cunningham,* for appellee.

[No synopsis of the briefs of counsel is given in this case because of the reporter's inability to find them.]

Argued orally by *George J. Leftwich,* for appellant and by *George H. Strange,* for appellee.

MAYES, J., delivered the opinion of the court.

On the 3rd day of August, 1907, Crittenden prepared to open a pool room in the town of Booneville. In order to carry out his purpose he procured three pool tables and rented a house in the town of Booneville for six months at a rental of $20 per month in which to begin his business. Before commencing to operate his pool room he applied for and procured a privilege license both for the state and county, and also for the municipality, paying therefor to the state and county and municipality, the sum of $90. Soon after he began operation under his license—that is to say, about the 29th day of August, 1907—the mayor and board of aldermen convened in special session and, among others, passed the following ordinance, viz.:

"An ordinance to be entitled 'An ordinance to suppress pool tables within the corporate limits of the town of Booneville.'

"Section 1. Be it ordained by the mayor and board of aldermen of the town that it shall be unlawful for any person or persons to operate, within the town of Booneville, any pool table for the entertainment of the general public with or without fees for same.

"Sec. 2. Any person violating the above section shall be fined in the sum of $25 for each offense, and each day on which the same is open shall constitute a separate offense.

"Sec. 3. This ordinance shall take effect and be in force from and after its passage."

The town of Booneville is operated under the Code chapter on "Municipalities." Immediately after the passage of this ordinance, Crittenden was arrested and fined $25 for running a pool table in violation of same. He appealed to the circuit court, and again opened his pool room, and was again arrested and fined on five different days. In fact, after the passage of the ordinance, every time he undertook to conduct his pool room he was arrested and fined. Afterwards he procured a writ of certiorari from the circuit judge of the district, commanding the mayor and board of aldermen to certify the ordinances and all proceedings thereunder to the circuit court. At the same time the certiorari was issued, the judge also, on the showing made by Crittenden, issued a writ of prohibition against the mayor, prohibiting him from further arresting or molesting the petitioner or interfering with his business; it being alleged in the petition filed by Crittenden that the ordinance was void and that the mayor was without jurisdiction to impose these penalties. In each and every conviction of Crittenden under these ordinances, he appealed his cases to the circuit court; but each and every time he opened his pool room the municipal authorities rearrested him and imposed another fine. Afterwards, on motion of the town of Booneville, the order granting the writ of prohibition was vacated by the court, and an appeal to this court was granted from the order vacating the writ of prohibition.

There are two questions involved in this case, and only two: First. Did the mayor and board of aldermen have the power to pass this ordinance? Second. Is this a case where it was proper to grant a writ of prohibition? Counsel for appellant raise some question as to whether or not the ordinance was passed as provided by law; but we do not deem it necessary to discuss this, since our decision will be based upon the two propositions heretofore announced. It has been decided in the cases

of *Blewett* v. *State,* 34 Miss., 606, and *Wortham* v. *State,* 59 Miss., 179, that there is nothing wrong *per se* in the operation of a pool room. The mere act of playing pool or billiards may be, and often is, a harmless and innocent amusement. It is true that many abuses of this amusement may be indulged in, just as it is true of any other place of amusement; but it is to be remembered that the operation of a billiard table or pool room is not wrong in itself, is not violative of morals necessarily, and is not denounced by the law; on the contrary, it is legalized. Under Code 1906, § 3778, a privilege tax is imposed upon this business, just as it is on many other kinds of business mentioned in chapter 114 of the Code of 1906 on the subject of privilege taxes. Therefore, to begin with, we have a law providing for the legalization and operation of billiard and pool tables, etc., and providing a privilege tax for the operation of these places of amusement. Nowhere under the law are they prohibited.

It is true that Code 1906, § 3893, provides as follows, viz.: *Unlawful Business Not Legalized.*—Nothing in this chapter, nor the payment of any privilege tax herein provided, shall legalize any business, employment, transaction, article, or device of any kind or the operation thereof, in violation of any statute of the state or the ordinances of any municipality therein now existing or that may be hereafter adopted." By this section it is provided that the payment of a privilege tax shall not legalize any business, employment, transaction, etc., or device of any kind, or the operation thereof, in violation of any statute of this state, or the ordinances of any municipality therein now existing or that may be hereafter adopted. But this does not give the municipality the power to pass any ordinance prohibiting the operation of any business which is allowed to be conducted under the laws of this state, unless that business is so conducted as to become a nuisance, or is one which it is given the power to prohibit. If a party having obtained a license to operate a pool room so conducts that business as to become a nuisance, or so conducts the business as to warrant the municipality in sup-

pressing it, because it is operated in contravention of the laws of the state or the good morals of the community, then, under the section, the payment of the privilege tax could not operate to prohibit a municipality from the exercise of its police power to suppress. But this section of the statute was never intended to give the municipality the right to pass an ordinance prohibiting the operation of a legitimate business, legalized under the statute, except for the reasons and in the way mentioned above. Under Code 1906, § 3340, the power is given the municipality "to regulate, suppress, and impose a privilege tax in all circuses, shows, theatres, billiard tables, pool rooms," etc. The power thus given to regulate and suppress does not carry with it the power to prohibit, unless it is in the exercise of the police power to suppress a nuisance. The municipality may regulate; that is to say, it may provide the hours during which these places may keep open, etc., and if the conduct of the owner is such as to warrant so doing, or if the business is conducted in a boisterous or immoral way, so as to become a nuisance, it may suppress altogether. But the power to regulate and suppress when the business has become a nuisance is one thing, and the power to pass a general ordinance prohibiting the operation of a pool room, which has been legalized by the statute, is another thing. The first alone it has the power to exercise.

The ordinance passed by the municipality is a general ordinance prohibiting the operation of all pool rooms or billiard tables in the town of Booneville. It is a destruction of property right, and a void ordinance. The municipality is not proceeding against this particular pool room as a nuisance; but the ordinance is general in its application, and prohibits any and all pool rooms in the town of Booneville. It may be that all pool rooms should be suppressed; but this, in the present attitude of the law, is a matter which rests with the legislature, and a general ordinance cannot be passed by any town or municipality prohibiting the operation of all pool rooms. The powers delegated to municipalities by the legislature are intended to be

exercised in conformity to, and consistent with, the general laws of the state. Thus, in Code 1906, § 3319, the power is given to suppress hog pens, etc.; but it was held in the case of *Comfort v. City of Kosciusko,* 88 Miss., 611, 41 South., 268, that this power did not include the right to prohibit, by general ordinance, the keeping of hogs in a municipality or the erection of hog pens, as the municipality could only suppress when they became a nuisance, but so long as they were not so it was not intended that the municipality should have the power to prohibit. By-laws of a municipality must be reasonable and in keeping with the general law. The charter powers of a municipality are to be construed most strongly against a right claimed by it and not clearly given by the statute. When there is any doubt as to whether or not a municipality has the power to do or not to do a particular thing, this doubt should be solved against its charter powers, unless it is plainly manifest that the power is confided to the municipality to act. 20 Am. & Eng. Ency. of Law (2d ed.), 1140.

We now come to the question of whether or not a writ of prohibition lies. A writ of prohibition is an extraordinary writ, and is proper to be issued only in cases of extreme necessity. It should appear to the judge issuing the writ that it is the only adequate remedy of the party making the application therefor. It will not lie in a case which may be redressed in the ordinary course of judicial proceeding, and is not to be made a substitute for any other method of obtaining the relief sought. If a complete remedy lies by appeal, certiorari, mandamus, or in any other manner, this writ should be denied. It is different from an injunction, in that the injunction is addressed to the litigating parties, while a writ of prohibition is addressed to the inferior court itself, commanding it to cease from the exercise of a jurisdiction to which it has no legal claim. High on Extraordinary Remedies, §§ 762, 763. The object of the writ is to restrain an inferior court from acting without authority of law in cases where wrong, damage, and injustice will follow such

action. If the entire proceedings of the inferior court are without authority of law, and void, the remedy to be obtained by appeal, which could only follow fruitless and expensive trials, and particularly in the case where a party is being prosecuted under a void ordinance and at the same time prohibited from the use of his property while these prosecutions are being conducted, an appeal in such a case cannot be said to be an adequate remedy. In the case of *State* v. *Superior Court,* 20 Wash., 502, 55 Pac., 933, it is held that the fact that a court assumes jurisdiction where jurisdiction is denied by law is not, of itself, sufficient to warrant the issuance of a writ of prohibition. The adequacy of the remedy by appeal, in the ordinary course of law, is the true test in all cases, and not the mere question of an action in excess of jurisdiction. Even though a court assumes to act in a case where it has no jurisdiction, this in and of itself is not a sufficient ground for the issuance of a writ of prohibition, if a full, complete, and adequate remedy can be obtained by appeal or other remedy, and the party applying for the writ of prohibition will not suffer damage to his property or the harassment of vexatious and persecuting prosecutions while his appeal is pending. Wherever there is anything in the nature of the action or proceeding that makes it apparent that the rights of a party litigant cannot be adequately protected by any other remedy than through the exercise of this extraordinary jurisdiction, it is not only proper to grant the writ of prohibition, but it should be granted. *State* v. *Superior Court,* 40 Wash., 555, 82 Pac., 877, 2 L. R. A. (N. S.), 395, 111 Am. St. Rep., 925; *Bell* v. *District Court,* 28 Nev., 280, 81 Pac., 875, 1 L. R. A. (N. S.), 843, 113 Am. St. Rep., 854.

Under Code 1906, § 922, authority is given to any judge or chancellor, in term time or vacation, to grant remedial writs in all cases where the same may properly be granted according to right and justice. Whatever may have been the common-law rule on the subject of the right to grant the writ of prohibition, under this section of the code the judges are given the power to

issue remedial writs where it is necessary in order to attain the ends of right and justice. This section of the code may be said to broaden the right of the courts to issue writs, and to extend the right to all cases where it is necessary in order to attain the ends of justice. An appeal in this case is not an adequate remedy. The ordinance passed by the municipality is an absolute nullity; but it stands upon the ordinance book as a living and enforceable law and as a menace and prevention of the right which Crittenden had to the lawful use of his property. Under this void ordinance his place of business is closed and his property made useless to him. He might relieve himself from the prosecution and obtain relief from the penalties imposed upon him personally by taking an appeal; but this is not adequate, because, while these appeals are pending, he is deprived of the use of his property and his business is stopped. If this ordinance of the municipality, though void, simply had the effect of imposing a criminal penalty, and did not have the effect of destroying property rights, even though it be in excess of jurisdiction, it might be argued with more force that there was a complete remedy by appeal and the writ of prohibition did not lie; but this is not the case.

It is further insisted that because the court has acted, and has convicted the party, a writ of prohibition will not lie to prohibit that which has already been done; but that the writ can be availed of only in a case where the court is attempting to act. In view of our statute, and the authorities upon this subject, we do not think this position is tenable. It is true the criminal prosecution is over; but the ordinance has a living, continuing, acting force, in that it is preventing Crittenden from the use of his property, and depriving him of his right to conduct his business, and thereby producing damage to him. Fear of enforcement of this void ordinance, and repeated arrests and prosecutions under it, have caused his business to be closed and his property to be rendered valueless. In the case of *Donovan* v. *City of Vicksburg,* 29 Miss., 247, 64 Am. Dec., 143,

where the city of Vicksburg undertook to pass an ordinance directing the city marshal to seize and sell all hogs found running at large in the city, it was held that such an ordinance was in excess of the power of the city of Vicksburg to pass, and void, and that it deprived the citizen of his property without due course of law, and the court sustained the right to issue a writ of prohibition to prevent any action being taken under the ordinance. In the case of *Hughes* v. *Recorder's Court,* 75 Mich., 574, 42 N. W., 984, 4 L. R. A., 863, 13 Am. St. Rep., 475, the city of Detroit undertook to pass an ordinance prohibiting sales of any articles in a certain market therein, except from stalls or stands leased or occupied by the sellers, and confining farmers and gardeners with their vehicles to certain other markets. The court held that the passage of such an ordinance was beyond the charter power of the city of Detroit, and void. The relator in this case was charged with a violation of this ordinance, and after conviction procured a writ of prohibition to restrain further proceedings under this illegal ordinance; and the court held in this case that it was proper to issue the writ of prohibition, and that an appeal was not an adequate remedy, and, after holding the ordinance void, said: "It follows that there can be no prosecution under it. It would be vexatious and unjust in so clear a case, where delay will destroy the business, to turn over parties to submission to wrong or to the expense of the multifarious and persecuting prosecutions which it is evident that the city officials have been disposed to set in motion. The case is proper for restraint by prohibition, and the order for a writ should be made absolute." In the case of *State* v. *Godfrey,* 54 W. Va., 54, 46 S. E., 185, there was an application for a writ of prohibition, on the relation of the state, for one Atkinson, against Godfrey, the mayor of the town of Bramwell, in West Virginia. The substance of this case was that the town of Bramwell, being a municipal corporation, undertook to and did pass a certain ordinance. The petition alleged that the ordinance was invalid, that the town council had no authority to pass

such an ordinance, and that the warrants of arrest issued there-under were without legal authority and void. The court held that, because the ordinance was void and of no legal effect, a writ of prohibition was proper. In the case last above cited will be found many authorities referred to and a lengthy discussion of this subject; all holding that where there is any attempt by a municipality to enforce a void ordinance, resulting in damage to property and multifarious and persecuting prosecutions, the remedy by appeal is not adequate, and therefore a resort to the writ of prohibition to put a stop to proceedings under the ordinance is proper. The case of *McInerey* v. *City of Denver*, 17 Colo., 302, 29 Pac., 516, was predicated of an application for a writ of prohibition. The city of Denver had passed an ordinance prohibiting the keeping open in the city of dramshops and tippling houses between the hours of 12 o'clock midnight Saturday, and 5 o'clock a. m. on the following Monday. The petitioner was arrested and fined for a violation of this ordinance. It was held by the court, for reasons stated in the opinion, that the ordinance was void. For violation of the ordinance it was provided that there should be both a fine and imprisonment, and it was further provided that for a second violation there should be a forfeiture of license to sell liquors. The court held that: "The ordinance relating to Sunday closing is invalid, and the procedure provided for the police magistrate illegal; hence, even if the court be lawfully constituted, it is exercising a jurisdiction for which there is no warrant in law. While these questions might be considered upon a trial upon appeal, and likewise upon writ of error to the county court, in view of the fact that, besides an illegal forfeiture, an illegal imprisonment might in the meantime be suffered, we are not prepared to say that the remedies thus provided are adequate. We conclude that, under all circumstances, our discretionary power in the premises should be favorably exercised, and the writ of prohibition should issue." In the case of *People* v. *House*, 4 Utah, 368, it was held that: "Where a jus-

tice of the peace has tried and determined a case of which he had no jurisdiction, a writ of prohibition from a superior court arresting all further proceedings under the judgment is a proper remedy. Although an appeal would lie from the judgment, an appeal is not an adequate remedy in such case." In the case of *Zylstra* v. *Corporation of Charleston,* 1 Bay (S. C.), 382, it was held in a case where the city of Charleston had passed an ordinance in excess of its power conferred by charter, and therefore void, and where one Zylstra had been convicted of a violation of this ordinance, that it was proper by writ of prohibition to prohibit the city of Charleston from further proceeding to execute the ordinance, because, the conviction of Zylstra being nugatory, the action of the municipal authorities should be stayed. To the same effect is the case of *Sweet* v. *Hulbert,* 51 Barb. (N. Y.), 312. The case of *Ex parte Richardson,* 1 Harp. (S. C.), 308, was a case where a justice of the peace was acting in excess of his jurisdiction, and a writ of prohibition was applied for and granted, and the court said, on page 311: "It is suggested, however, that as the court had passed sentence, and the sentence was in part executed, the prohibition could not issue, for there was nothing to prohibit. This would be a most unfortunate state of things, for in most cases these inferior tribunals proceed with such expedition that it is impossible to stay their proceedings before they give judgment and pronounce sentence. The proceeding by prohibition is intended to restrain these subordinate jurisdictions within their prescribed limits." In the case of *Crisler* v. *Morrison,* 57 Miss., on page 802, the court said: "It is, however, said that the right of appeal was given by the statute, and when such right is given the writ will not be issued. If this tribunal is conceded to have enough of colorable judicial authority to authorize it to grant an appeal, still the rule invoked will not apply here. It is unnecessary to determine exactly the rule by which the courts are governed in refusing to grant the writ, because an appeal or writ of error or of certiorari will lie.

It is certain that, when it is refused on that ground, the remedy by revisory proceedings must be adequate.   In this case the remedy is not adequate to the mischief either to the contestee or to the public.   Morrison would be deprived of the emoluments of the office till the adverse judgment could be reversed."

It thus appears, from the authorities cited, that the better reasoning is that whenever an inferior court proceeds to act in excess of its jurisdiction, and whenever, as incidental to its action, it involves an infringement of property rights, or a submission to multitudinous and persecuting prosecutions in such way as to make its acts oppressive, there is no adequate remedy by appeal, and it is proper to issue the writ of prohibition; and this is true, whether the court in which the proceeding is instituted has acted or not, if the effect of the void authority under which it is assuming to act stands as a vexatious menace to personal liberty or the destruction of property rights.   It follows that the discharge of the writ of prohibition by the learned court below was error.   The court should have sustained the writ.

The writ of prohibition is therefore reinstated, and the cause is reversed and remanded.

*Reversed.*