STATE BOARD OF BARBER EXAMINERS *v.* BROOM.

(Division B. Nov. 23, 1931.)

[137 So. 789. No. 29538.]

Broom & Gober, of Jackson, for appellant.

Currie & Currie, of Hattiesburg, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellant filed its bill against appellee, and thereupon presented said bill to the chancellor and requested his fiat for the issuance of a temporary injunction. In accordance with the just and correct practice in cases of such applications, the chancellor ordered a citation to issue to appellee to appear before the chancellor on the day named in the citation to show cause, if any he could, against the issuance of the fiat for the injunction. Appellee appeared and resisted the proposed injunction, and upon this preliminary hearing the chancellor refused to grant his fiat, and from said refusal appellant has attempted to appeal to this court.

In Alexander v. Woods, 103 Miss. 869, 60 So. 1017, it was held that an appeal will not lie from the order of a judge in granting a fiat for a temporary injunction. For the greater reason, an appeal will not lie from the refusal to grant such a fiat, which, even if a fiat may be termed an order, is not the making of an order, but is a refusal so to do; and, in the absence of express statute, the rule is that no appeal lies from the mere refusal to make an interlocutory order. In a note under section 445, it is stated in Griffith Miss. Chan. Practice as follows: "If upon such a preliminary application, as such, the judge refuse the injunction, it is not appealable. The remedy is to take the application to some other judge, but in doing so the other judge must be informed of the refusal and it is improper to fail so to inform him. And if the application has been refused by a chancellor or by a circuit judge, it is improper to present it to another chancellor or circuit judge; it must be taken to a supreme court judge,—not because in this particular mat-

ter there is any superiority in rank of the supreme court judge, but simply as a matter of propriety." The above quotation correctly states the rule; wherefore the attempted appeal must be dismissed.

Appeal dismissed.