Reynolds *et al.* v. City of New Albany *et al.*

(Division B. Feb. 27, 1933.)

[146 So. 459. No. 30462.]

J. W. P. Boggan, of Tupelo, for appellants.

**Griffith, J.,** delivered the opinion of the court.

Appellants operate in appellee city what is known as miniature pool tables, and before the date next hereinafter mentioned had paid all the privilege license taxes required therefor by section 32, chapter 89, Laws 1932. The city authorities on August 25, 1932, passed an ordinance prohibiting the operation of billiard tables, pool rooms, and miniature pool tables, and on the 1st day of September, 1932, one of appellants was arrested for violating that ordinance. The municipal authorities made it known that they expected to continue to arrest appellants day after day, and thereupon appellants presented to the circuit judge a petition for a writ of prohibition. This preliminary application for the writ was heard by agreement in vacation and was denied by the judge; in other words, the judge made no order, and on the contrary declined so to do; whereupon an appeal has been prosecuted from the refusal of the judge to grant his fiat for the issuance of the preliminary or alternative writ.

The case comes within the same principle which was applied by this court in Alexander v. Woods, 103 Miss. 869, 60 So. 1017, State Board of Barber Examiners v.

Broom, 161 Miss. 679, 137 So. 789, and Carraway v. State (Miss.), 141 So. 342, 344. The writ of prohibition is, of course, a remedial writ, and the court in the Carraway Case, supra, distinctly pointed out that the action of the judge or chancellor in granting or refusing a preliminary remedial writ is not a judgment or decree from which an appeal lies, more especially when the writ is refused. The remedy or procedure, instead of appeal, is pointed out in the Broom Case, supra.

Appeal dismissed.