## BLOUNT *v.* KERLEY.

(Division B. Feb. 7, 1938. Suggestion of Error Overruled, Feb. 21, 1938.)

[178 So. 591. No. 33019.]

Luper & Martin, of Prentiss, for appellant.

**Livingston, Milloy & Livingston,** of Prentiss, for appellee.

872

Argued orally by **Ovie L. Berry** and **G. L. Martin**, for appellant, and **W. H. Livingston**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

This is an appeal from a judgment in the circuit court of Jefferson Davis county disallowing a writ of prohibition to John Kerley, justice of the peace, to prohibit prosecution of the appellant for selling beer and wine in Jefferson Davis county. From the petition for the writ of prohibition it appears that on the 4th day of June, 1934, a petition was filed with the Board of Supervisors, signed by 20 per cent. of the duly qualified electors of the county, praying for an election under House Bill No. 26, chapter 171, Laws 1934, providing for the sale of light wines and beer, and for elections to exclude such sale from any county on the petition of 20 per cent. of the qualified electors of such county. The board at that meeting adjudged that the petition contained 20 per cent. of the duly qualified electors of the county, and ordered an election to be held on the 10th day of July, 1934, directing the Election Commissioners to hold the election, providing for the ballots to be used therein, giving of notice, etc. The Election Commissioners proceeded to hold the election after giving notice, as al-

leged, by posting one notice at the courthouse door for thirty days, and publication in the county newspaper in four issues; the first newspaper notice appearing, according to the bill, on the 14th day of June, 1934, and the last on the 5th day of July, 1934, appearing therein on each successive week.

The Election Commissioners returned to the Board of Supervisors their action in holding the election, showing that 978 votes were cast to exclude beer and wine, and 339 for the sale thereof in the county. The board, at the August meeting, entered its order adjudging that the election had been legally held, the electors having voted to exclude the sale of beer and wine from the county, and entered its order prohibiting such sales thereafter. No appeal or certiorari was taken from this order at the August meeting, 1934; but after this court decided the case of Simpson Co. v. Burkett et al., 178 Miss. 44, 172 So. 329, at the September, 1936, term of this court, the appellant applied to the State Tax Commission for a permit and applied to the sheriff for a privilege license to sell such liquors—beer and light wines—in said county, tendering to the sheriff, it is alleged, the necessary amount of money therefor. The sheriff refused to receive the money or issue the license, whereupon the appellant, who was conducting a café, proceeded to buy beer and wine, and the equipment for the sale thereof in his café, and made one or two sales. Prosecution of the appellant therefor was instituted in the justice court of John Kerley, in the district where the sales were made; whereupon the appellant applied to the circuit judge for a writ of prohibition, which, being refused, this appeal was prosecuted.

The Board of Supervisors had jurisdiction to hold the election on being petitioned to do so by 20 per cent. or more of the qualified electors of the county, the election was held and adjudged to be legal by the board, the law having been complied with; and since the board had jurisdiction of the subject-matter, its judgment would

either have to be appealed from, or a writ of certiorari issued, under section 73 of the Code of 1930, within six months from the date of the final order of the Board of Supervisors. No appeal or certiorari having been taken within that time, the validity of the judgment could not be called in question in a petition for a writ of prohibition.

The justice of the peace had jurisdiction of all crimes and misdemeanors whereof the punishment does not extend beyond fines and imprisonment in the county jail, and consequently he was exercising constitutional jurisdiction under section 171 of the Constitution, and under chapter 41 of the Code of 1930, section 2069 et seq., and amendments thereto. The writ of prohibition may be resorted to in a proper case to prevent vexatious prosecutions under a void ordinance, but not for violation of a valid ordinance. Hurley v. City of Corinth, 97 Miss. 396, 52 So. 695. Prohibition will not lie to correct irregularities in judicial proceedings. Clayton v. Heidelberg, 9 Smedes & M. 623, 17 Miss. 623; see, also, Blackstone's Commentaries, book 3, pages 111, 112. Prohibition is an extraordinary writ, and is properly issued only in cases of extreme necessity. Crittenden v. Booneville, 92 Miss. 277, 45 So. 723, 131 Am. St. Rep. 518. The office of prohibition is to prevent an inferior court, or other tribunal, from assuming a jurisdiction not legally vested in it. Barnes v. McLeod, 165 Miss. 437, 140 So. 740. It cannot be availed of or resorted to when the usual remedies provided by law are available. Crittenden v. Booneville, 92 Miss. 277, 45 So. 723, 131 Am. St. Rep. 518. Furthermore, the appellant was not entitled to the writ for the additional reason that he had not obtained the license to sell beer and wines under the law, and, consequently, was not authorized to do so, regardless of the validity of the election above referred to. If he were entitled to do so, and the sheriff refused him the necessary license, he should have resorted to mandamus to compel its issuance, and, having failed to do this, he

was not authorized to engage in the sale of beer and wines without a license.

Some misapprehension seems to prevail as to whether there may be numerous prosecutions of a violation of the law to constitute sufficient grounds for such prohibition, or whether mere allegations that such will be instituted constitute such grounds. In the case before us there was no showing that more than one prosecution had been instituted, but merely an allegation or belief that others would be.

A court having jurisdiction of crimes of a given character should not encourage vexatious prosecutions where there is bona fide doubt of the propriety or necessity of so doing; and where appeals have been taken to test the legality in the proper way, courts having jurisdiction of crime, including the justice of the peace court, have judicial power to decide what the law is, including the question of whether an ordinance is void because of improper methods of bringing it into being, or where the ordinance is unreasonable.

The judge, on application being made to him for prohibition, should deny the prohibition, if, in his opinion, a statute is constitutional; or, if an ordinance, it is validly promulgated or ordained. The only effect of superseding an ordinance or prohibiting prosecution thereof, is to suspend operation of the ordinance until the hearing in the particular prosecutions either has been brought or contemplated. It does not authorize the violation of law, or of an ordinance, if valid; and no protection is afforded a violation of a valid statute or ordinance during the period of suspension, Eastman Oil Wells v. State, 130 Miss. 63, 93 So. 484; such violation may be prosecuted after the termination of the certiorari or prohibition, as the case may be.

We find no error herein, and the judgment of the court below is affirmed.

Affirmed.