CITY OF GREENWOOD *v.* HUMPHREY & CO., INC.

(Division A. March 28, 1938.)

[179 So. 862. No. 32224.]

(Division A.   May 23, 1938.)

[181 So. 517.   No. 32224.]

A. H. Bell and R. C. McBee, both of Greenwood, for appellant.

94

96

Means Johnston, Sam L. Gwin, and Berry D. Brown, all of Greenwood, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is a proceeding by the appellee for a writ of prohibition, directed to the appellant and the judge of the county court of Leflore county, restraining them from proceeding with an eminent domain case there pending. A temporary writ was issued under section 1510, Code of 1930, and thereafter, on the full hearing, was made final. The petition for the writ submitted to the court the two questions therefor, embraced in section 1510 of the Code, and in addition thereto set forth, in substance, that, after the appellant instituted a proceeding in the county court of Leflore county for the purpose of condemning for municipal purposes property owned by the appellee, a foreign corporation, on the petition of the appellee, and its bond therefor, the case

was removed to the federal court for the Delta Division of the Northern District of Mississippi. Afterwards, by a void order of the judge of the Southern District of Mississippi, made in vacation at Yazoo City, Miss., without the territorial limits of the Northern District, the case was attempted to be remanded to the county court, which court was about to proceed with the trial therefor. The court below declined to consider the evidence as to the removal and remand of the case, but awarded the writ for other reasons. The reason assigned by the trial judge for not considering this evidence was that, in his opinion, whether or not the case had been remanded was a question for the decision of the federal court. In this he was in error, for, if the order of remand is void, it is of no efficacy, and the case is still pending in the federal court, and the county court of Leflore county is without jurisdiction thereof.

Section 22, U. S. Code, title 28, 28 U. S. C. A. section 22, provides for the designation and assignment of a district judge to sit temporarily in another district than his own. On January 7, 1935, the Honorable Nathan P. Bryan, Senior Circuit Judge for the Fifth Federal Circuit, made an order by which he designated and appointed "the Honorable Edwin R. Holmes United States District Judge for the Southern District of Mississippi, to hold the District Court of the United States for the Northern District of Mississippi, in place of or in aid of the judge of said District, and to have and exercise within said District the same powers that are vested in the judge thereof, pursuant to statutes in such case provided, for the period beginning from the date hereof, and ending December 31, 1935, both inclusive." On August 12, 1935, Judge Holmes, in vacation at Yazoo City, Miss., without the territorial limits of the Northern District, on a petition presented to him therefor, made an order remanding the case to the county court of Leflore county. The third paragraph of section 22,

U. S. Code, title 28, 28 U. S. C. A. section 22 is as follows: "Any designated and assigned judge who has held court in another district than his own shall have power, notwithstanding his absence from such district and the expiration of the time limit in his designation, to decide all matters which have been submitted to him within such district, to decide motions for new trials, settle bills of exceptions, certify or authenticate narratives of testimony, or perform any other act required by law or the rules to be performed in order to prepare any case so tried by him for review in an appellate court; and his action thereon in writing filed with the clerk of the court where the trial or hearing was had shall be as valid as if such action had been taken by him within that district and within the period of his designation."

The application for the remand of the case to the county court not having been submitted to Judge Holmes within the territorial limits of the Northern District, he was without power, under the statute, to decide it. This seems clear from the statute, but any doubt relative thereto was cleared up by the Supreme Court of the United States in Frad v. Kelly, 58 S. Ct. 188, 191, 82 L. Ed. 282, decided on December 6th, 1937, wherein the court said: "When an assigned judge has presided at the trial of a cause, he is to have power, though the period of his service has expired, and though he may have returned to his own district, to perform the functions which are incidental and supplementary to the duties performed by him while present and acting in the designated district. And where a cause has been submitted to him in the designated district, after his return to his own district he may enter decrees or orders and file opinions necessary to dispose of the case, notwithstanding the termination of his period of service in the foreign district. But the act goes no farther. It clearly does not contemplate that he shall decide any matter which has not been submitted to him within the designated dis-

trict." Counsel for the appellant say that under section 1510 of the Code the court below was vested with jurisdiction to determine only (1) whether the appellant is entitled to the right of eminent domain, and (2) whether there is a necessity for the taking of the particular property, or a part thereof, which it is proposed to condemn. That section simply extends the scope of the writ of prohibition in eminent domain cases, and leaves in full force the other common-law grounds therefor, one of which is a want of jurisdiction in the offending court to try the case, the trial of which is sought to be prohibited. It is true that an appeal would lie from a judgment of the county court, fixing the amount which the appellant would have to pay for the lands sought to be condemned; but such an appeal, under section 1497, Code of 1930, would not stay "the right of the applicant [the appellant here] to enter in and upon the land of the defendant [the appellee here] and to appropriate the same to public use." The appeal, therefore, would not prevent irreparable damage from being inflicted upon the landowner, even though the judgment of condemnation should be set aside by the appellate court.

When it appeared that the county court was without jurisdiction to try the case, the court below should have so held, and it would then have become unnecessary and improper for it to decide the questions presented, going to the merits of the controversy. It follows from what we have said that no error was committed in granting the writ of prohibition; but, while no point is here made thereon, it may be that the judgment rendered should have made it clear that the writ was granted only because the county court was without jurisdiction to try the case, so that it would be clear therefrom that the merits of the controversy had not been decided. If counsel for the appellant desire the judgment to be so modified, we will entertain an application therefor.

It may not be amiss to say that we have learned aliunde the record (from the clerk of the federal court) that the regular judge of the Northern Federal Court District has set aside the order of Judge Holmes remanding the case, and that there is now pending in that court another application for a remand thereof. We, of course, have not taken this fact into consideration in deciding this case.

Affirmed.

## ON MOTION.

**Smith, C. J.,** delivered the opinion of the court on motion.

The motion to correct the judgment hereinbefore rendered, so as to conform to the intent of the opinion then rendered, is sustained, and the judgment of the court below granting the writ of prohibition will remain affirmed, though modified to read as follows:

Came on for hearing this cause, and it appearing from the evidence that the cause styled City of Greenwood, a Municipal Corporation, v. Humphrey & Company, Inc., et al., No. 1181 on the general docket of the county court of Leflore county, Miss., for the restraint of the trial of which a writ of prohibition is herein prayed, has been removed to the Delta Division of the United States District Court of the Northern District of Mississippi, and that no valid order remanding it from that court to the county court of Leflore county has been made, it is ordered and adjudged that the writ of prohibition heretofore issued herein remain in force unless and until the aforesaid case be remanded from the said United States court to the county court of Leflore county, Miss.; and until such has been done the county court of Leflore county, Miss., and the judge thereof, are enjoined and

commanded to take no further action in the said cause. No other question here presented by the pleadings and evidence is here decided.

It is further ordered that the city of Greenwood, Miss., pay all costs in this cause.