Holmes *et al. v.* Board of Supervisors of Forrest County, *et al.*

(In Banc. Feb. 25, 1946. Suggestion of Error Overruled March 25, 1946.)

[24 So. (2d) 867. No. 36044.]

E. J. Currie and Dudley W. Conner, both of Hattiesburg, for appellants.

Geo. W. Currie, of Hattiesburg, for appellees.

Argued orally by **Dudley W. Conner** and **E. J. Currie**, for appellants, and by **Geo. W. Currie**, for appellees.

**Alexander, J.**, delivered the opinion of the court.

Appellants operate a restaurant or cafe outside the municipality of Hattiesburg in Forrest County in which they are licensed to sell beer. The board of supervisors, pursuant to the authority of Code 1942, Section 10224, as amended by Chapter 133 of the Laws of 1944, forbade the sale of beer throughout the county, save within municipal limits, between the hours of 11 p. m. Saturday until 8 a. m. Monday.

Appellants sought by a petition for writ of prohibition to forbid the enforcement against them of such order by the board and by the sheriff. The validity of the order is thus attacked. The order was sought to be justified by a finding that such action was taken on account of general conditions prevailing in Forrest County, including conditions incident to the war and the military effort; "it will promote the public health, morals and safety . . ."
While the invalidity of an order or statute is a factor in adjudging absence of jurisdiction in a judicial officer to enforce same, the sole function of the writ is to restrain judicial action against the petitioner. The increasing tendency to seek such remedial aid in unwarranted cases admonishes us to restrain in turn the improper extention of its application. The writ of prohibition is extraordinary and remedial and may issue only from a court of original jurisdiction and lies only to control an inferior court or tribunal in the attempted exercise of judicial

powers in excess of its jurisdiction. Crittenden v. Town of Booneville, 92 Miss. 277, 45 So. 723, 131 Am. St. Rep. 518; Glover v. City Council of Columbus, 132 Miss. 776, 96 So. 521; Alexander v. Graves, 178 Miss. 583, 173 So. 417; City of Greenwood v. Humphrey & Co., 182 Miss. 91, 179 So. 862, 181 So. 517; Planters Ins. Co. v. Cramer, 47 Miss. 200; Wynne v. Illinois Cent. R. Co., 105 Miss. 784, 66 So. 411; Blount v. Kerley, 180 Miss. 863, 178 So. 591; Downing v. Davis, D. C. Miss., 34 F. Supp. 872; 42 Am. Jur., Prohibition, sec. 3; 50 C. J. Prohibition, secs. 1, 13.

The writ here is not sought to restrain either the board nor the sheriff from any judicial action. Neither defendant was capable of, nor undertook as such to, prosecute appellants, so that neither their jurisdiction so to do, nor the validity of the order, is involved. It was therefore proper to deny the writ.

Furthermore, the action by the judge in vacation in denying the writ was not such final order as may be appealable. Reynolds v. City of New Albany, 166 Miss. 282, 146 So. 459; State Board of Barber Examiners v. Broom, 161 Miss. 679, 137 So. 789; Woodson v. Doyle, 196 Miss. 308, 16 So. (2d) 852, and cases therein cited. We are bound, therefore, to dismiss the appeal.

Appeal dismissed.