ALEXANDER, et al. *v.* EDWARDS, et al.

April 19, 1954

No. 39277         61 Adv. S. 1         71 So. 2d 785

*George B. Grubbs,* Mendenhall; *Satterfield, Ewing, Williams & Shell,* Jackson, for appellants.

*J. P. Edwards,* Mendenhall; *W. W. Pierce,* Jackson, for appellees.

GILLESPIE, J.

Mendenhall is a Code Charter municipality of the Town class. Appellants were elected Mayor and Aldermen in 1950 to serve a two-year term beginning the first Monday in January, 1950. When they took office the monthly salaries, as fixed by a previous administration, were $50.00 for the mayor and $5.00 for the aldermen. Appellants drew these salaries during 1951. In January, 1952 appellants adopted an ordinance raising the may-

or's salary to $220.00 per month and the aldermen to $10.00 per month. These higher salaries were paid appellants from the general funds of the town until the end of their term.

The appellees, taxpayers of the town, filed suit to recover for the town the aggregate amount of these salary raises. The chancellor held that appellants, as mayor and aldermen, were without lawful authority to raise their own salaries during their term of office, and rendered judgment against appellants, jointly and severally.

■■■ The question for our decision is: Do the governing authorities of a code charter municipality have lawful authority to raise their own salaries during their term? We find no constitutional or statutory provision prohibiting such officers from raising their own salaries. But such municipality has no power except those delegated to it by the state. Hazlehurst v. Mayes, 96 Miss. 656, 51 So. 890. And charter powers of a municipality are to be construed most strongly against a right claimed by it and not clearly given by the statute. Crittenden v. Booneville, 92 Miss. 277, 45 So. 723.

Section 3415 of the Code of 1942, a part of the chapter on general powers of municipalities, granted the power to "fix the compensation of all officers and employees." This statute appeared first in the Code of 1892 and was brought forward in subsequent codes until the legislature rewrote the municipal laws in 1950. This power "to fix the compensation of all officers and employees" was brought forward as a part of Section 37, Chapter 491, Laws of 1950, and now appears as Section 3374-37, a part of the Code chapter granting certain powers to the governing authorities. The context would indicate that the last mentioned statute concerns appointive officers only, but its history, and the fact that no other statute provides for salaries for the governing authorities of municipalities operating under Code charter, leads to the

conclusion that the legislature intended the salary provisions to apply to the mayor and aldermen. No restrictions are placed on the power thus granted.

The legislature, in rewriting the municipal code, and as a part of the powers of all municipalities, enacted Section 114, Chapter 491, Laws of 1950, now Section 3374-114 of the Code as amended, as follows:

"3374-114. Powers of governing authorities.—The governing authorities of every municipality of this State shall have the care, management and control of the municipal affairs and its property and finances, and shall have the power to enact ordinances for the purposes provided by law, where same are not repugnant to the laws of the state, and shall likewise have the power to alter, modify and repeal such ordinances."

This statute has appeared in every code since 1892. When this statute was Section 3316 of the Code of 1906, this Court, in the case of Montgomery v. State, 97 Miss. 292, 52 So. 357, made the following comment thereon:

". . . The mayor and board of aldermen constitute the legislative power of the cities, towns, and villages which they represent, and are vested with full power to pass any and all ordinances which are not repugnant to the laws of the state. This power is expressly given them by Section 3316 of the Code of 1906. By this same section the mayor and board of aldermen are given the full care, management, and control of the property and finances of the city, town, and village which they represent. Under the above section the mayor and board of aldermen are vested with as complete authority over the property and finances of the city as the Legislature is of the property and finances of the state, and they may do all things, consistent with the laws of the state, which they deem necessary to the care of the finances of the city, or to the best interest of the inhabitants, who are the real owners of the funds. . . ."

The legislature has not circumscribed or limited the power of code charter municipalities to fix salaries. But in municipalities operating under the council-manager plan the legislature has limited such salaries. Section 13, Chapter 372, Laws of 1952, Code Section 3825.5-21. And as to municipalities operating under a commission form of government, certain restrictions have been placed on salaries of the mayor and councilmen, and such salaries must be approved by the electors. Section 49, Chapter 491, Laws of 1950, Code Section 3374-49.

It is not charged that appellants acted in bad faith. The mayor devoted his full time to the business of the town after the salary raise. We hold that the governing authorities of municipalities operating under a code charter have lawful authority to raise their salaries during their term of office. This holding, however, is limited to the facts of this case. If the governing authorities had acted in bad faith, or if the salary increase had been an arbitrary or unreasonable one in relation to the resources of the town and the duties of the offices, then the Court would exercise its supervisory power to correct such abuse. But these elements do not appear in this case.

In view of our holding on the question discussed herein, it is unnecessary to consider the other questions raised by this appeal.

Reversed and judgment here for appellants.

*Roberds, P. J.,* and *Hall, Lee* and *Ethridge, JJ.,* concur.