CITY OF NEW ALBANY *v.* BENYA, et al.

No. 40190          June 11, 1956          87 So. 2d 889

*Hugh N. Clayton,* New Albany, for appellant.

*Smallwood, Darden & Sumners,* New Albany, for appelles.

421

ETHRIDGE, J.

This case involves the validity of a municipal ordinance prohibiting Sunday picture shows, and if invalid, the question of whether a writ of prohibition lies against a municipality to prohibit further prosecutions of the manager of the theater under such void ordinance.

I.

On October 17, 1955, appellees, Flexer Theaters of Miss., Inc., and Andy Benya, filed in the Circuit Court of Union County against the City of New Albany a petition for writ of prohibition. Flexer Theaters operated in New Albany a moving picture show known as the Magnolia Theater. Benya was the manager. The petition charged that there is no ordinance of the City prohibiting the showing of moving pictures between 1 and 6 P. M. on Sundays, and, although the 1948 statute permitted a local option as to Sunday shows during these hours, it was repealed by the 1954 laws. On April 13, 1948, the Mayor and Board of Aldermen passed a resolution calling for an election on May 18, 1948, on the issue of whether moving picture shows between the hours of 1 to 6 P. M. on Sundays should be prohibited.

There was no official record of any further action in regard to this matter until October 4, 1955. On that date, over seven years after the date of the called election, the Mayor and Board of Aldermen of the City of New Albany passed an ordinance which adjudicated that the election was held on May 18, 1948, but that the certificate of election of the city election commissioners had not been placed upon the minutes of the mayor and board, and that this should be done. The attached report of the election commissioners recited that the proposition banning all Sunday shows under the 1948 statute hereinafter recited was passed; and that two of the three election commissioners are now deceased, but that the report of the results of the election was made as au-

thorized by law, and it was lost. Section 2 of the ordinance of October 4, 1955, therefore adjudicated that the majority of the qualified electors voting in the special election voted against the showing of moving picture shows, etc., between the hours from 1 to 6 P. M. on Sunday; and that the 1948 statute permitting operation of such shows during such hours on Sundays "shall not be applicable to the City of New Albany, Mississippi, from May 18, 1948, to this date and from this date henceforward."

The petition charged that the ordinance of October 4, 1955 is void under the 1954 statute; but that nevertheless on October 2, 9, and 16, 1955, petitioner Benya, manager of Magnolia Theater, was arrested, charged and fined for the alleged unlawful showing of moving pictures between the hours of 1 and 6 P. M. on respective Sundays, the said judgment being entered by "B. N. Knox, Jr., Police Justice in said city;" that the City and its Mayor's Court has no jurisdiction to try Benya, no offense having been committed by him, but he is threatened with successive prosecutions; that the City, acting by and through its police justice, is infringing upon the lawful use of the property of Flexer Theaters; that Benya is threatened with multitudinous prosecutions by the City for such alleged unlawful operations; and that he has no adequate remedy by appeal or in any other way. Hence the petition asked for an order prohibiting and restraining the City and its police Justice from further prosecution of Benya until a final hearing; and that on final hearing the court will issue an order prohibiting the defendant City from arresting or prosecuting Benya or any other servants of the corporation for the showing of moving picture shows between 1 and 6 P. M. on Sundays.

The circuit judge issued a fiat for a temporary writ of prohibition directed to the City of New Albany. The writ was so issued, and the sheriff's return showed that

service was had by delivering a true copy to "Hon. B. N. Knox, Jr., Mayor of the City of New Albany." On October 29, 1955, the circuit judge made an order setting the cause for trial in vacation on November 4, and directing issuance of a summons to defendant. It was served upon the City, by the sheriff delivering a copy to the Mayor of the City.

Defendant filed a general demurrer, averring that the petition did not state a good cause of action, and that the City is not a court and does not exercise a judicial function. Defendant also filed a motion to dismiss the petition and to quash the temporary writ of prohibition, on the ground that the only defendant is the City of New Albany, and it is not a proper party-defendant, not being a judicial officer and performing no judicial function. The general demurrer and the motion to dismiss were both overruled.

The City filed an answer denying the averments of the bill. Mayor Knox testified that he had directed the City Marshal to enforce the laws, including the ordinance prohibiting all Sunday moving pictures, and that the City Marshal is an elected official, responsible to the people and not to him. David Flexer, apparently one of the owners of the petitioner-corporation, said that as a result of Sunday movies between 1 and 6 P. M. operating in cities in that vicinity and the enforcement of the City of New Albany's ordinance prohibiting such movies, the petitioner-corporation was losing business in its Magnolia Theater.

The circuit court held that the suit was properly brought against the City; the summons upon Knox as Mayor was sufficient to bring him into court and subject him to the judgment; and that the ordinance of October 4, 1955, was void because of the defective and delayed certificate from the election commissioners, and because it was in violation of the 1954 statute, hereinafter discussed. Hence the final judgment prohibited

the City of New Albany from arresting or prosecuting Benya or any other agent of petitioner-corporation for the showing of moving pictures between 1 and 6 P. M. on Sundays, and: "the defendant, City of New Albany, Mississippi, and B. N. Knox, Jr. the Mayor of the City of New Albany, are hereby prohibited from arresting or prosecuting Andy Benya or any other servant or agent of Flexer Theaters of Mississippi, Inc., for showing moving picture shows between the hours of 1 o'clock P. M. and 6 o'clock P. M. on Sundays."

## II.

On this appeal by the City of New Albany,. the sole question argued by appellant is that B. N. Knox, Jr., Mayor and Ex-officio Police Justice of the City, was a necessary party to the proceeding, that he was not a party to this suit, and that therefore the court erred in overruling appellant's general demurrer and motion to dismiss the petition. In other words, appellant does not contend that the judgment of the circuit court was in error in holding that the city ordinance of October 4, 1955, was void. However, since the disposition of the point raised by appellant is necessarily related to the issue of the validity of the ordinance, the latter will be considered preliminarily.

█ █ Code of 1942, Section 2370, provided in effect that if any person shall show any moving picture show or do certain other stated things on Sunday, every person so offending shall be fined not more than $50. Miss. Laws, 1948, Chap. 401, amended Section 2370, so as to remove from it certain previously prohibited activities, and further provided that the statute shall not prohibit the showing of moving picture shows between the hours of 1 to 6 P. M. on Sunday. Section 2 of Chapter 401 then stated that the showing of moving picture shows on those hours is legal, "provided, however," that if twenty percent of the qualified electors file a petition

so requesting, the governing authorities shall call an election to determine whether the provisions of the first paragraph of Section 2, which permit Sunday shows between 1 to 6 P. M., shall be inapplicable within the municipality. In other words, the 1948 law authorized Sunday shows within the stated times, but provided for a local option election to exclude the same. Apparently the election under the 1948 law was held on May 18, 1948, but no report of the election commissioners was entered on the minutes of the Mayor and Board of Aldermen until October 4, 1955.

In the meantime, by Miss. Laws 1954, Chapter 239, effective May 4, 1954, the Legislature again amended Section 2370, and struck from it the local option provision. The 1954 statute expressly provided that it "shall not be construed to prohibit the showing of moving picture shows" between 1 and 6 P. M. and 9 and 12 P. M. on Sunday. The 1954 Act by necessary implication repealed the local option provisions in Chapter 401 of the Laws of 1948. Hence when the city ordinance of October 4, 1955, undertook to adjudicate that the election of May 18, 1948, had excluded all Sunday moving pictures and that it was a valid and effective ordinance, there was no power in the city to so provide. The 1954 statute expressly authorized such moving picture shows during the stated hours. Hence it is manifest that the ordinance of October 4, 1955 is void. We do not need to consider the irregularity of the proceedings leading up to that ordinance. It was invalid because in conflict with an unauthorized by the 1954 Act.

### III.

The next question is whether the petition for a writ of prohibition was properly brought against the City of New Albany, or whether the police justice of the city was a necessary party to the suit assuming he was not made a party. ██ ██ In Glover v. City Council of Co-

lumbus, 132 Miss. 776, 96 So. 521 (1923), the Court summarized a rule which was applied prior and subsequent to that time: "It is not necessary that the tribunal against whom the writ is sought should be a judicial tribunal. Its purpose is, where no other adequate remedy is provided, to prevent the exercise of judicial or quasi judicial authority by any tribunal whatsoever."

In support of that statement, the Court cited, along with other cases, Crittenden v. Town of Booneville, 92 Miss. 277, 45 So. 723, 131 Am. St. Rep. 518 (1908), which we think is controlling here. Crittenden opened a poolroom in the Town of Booneville. He purchased state, county and municipal privilege licenses. Soon after he began operation, the Mayor and Board of Aldermen passed an ordinance making it unlawful for any person to operate within the town any pool tables. Crittenden was arrested and fined on six different days for running a pool table in violation of the ordinance. He obtained a writ of certiorari from the circuit judge commanding the Mayor and Board of Aldermen to certify the ordinances and all proceedings under it to the circuit court. The suit was against the town. The circuit judge also issued a writ of prohibition against the Mayor prohibiting him from further arresting or molesting the petitioner or interfering with his business, it being alleged that the ordinance was void and the Mayor was without jurisdiction to impose the penalty. Later the circuit court vacated the writ of prohibition, but on appeal that action was reversed and the writ was reinstated.

It was held that the ordinance was void; that the writ was addressed to an inferior court exercising quasi-judicial powers, commanding it to cease the exercise of a jurisdiction to which it has no legal claim; and that the remedy of appeal was inadequate since the party applying for the writ would suffer damage "to his property or the harassment of vexatious and persecuting

prosecutions while his appeal is pending." The ordinance stood upon the ordinance book as an enforceable law and a menace to Crittenden's lawful use of his property. In brief, the City was seeking to enforce its void ordinance by initiating vexatious prosecutions under it. After considering a number of cases from other states, it was held: ". . whenever an inferior court proceeds to act in excess of its jurisdiction, and whenever, as incidental to its action, it involves an infringement of property rights, of a submission to multitudinous and persecuting prosecutions in such way as to make its acts oppressive, there is no adequate remedy by appeal, and it is proper to issue the writ of prohibition; and this is true, whether the court in which the proceeding is instituted has acted or not, if the effect of the void authority under which it is assuming to act stands as a vexatious menace to personal liberty or the destruction of property rights."

The Crittenden case cited with approval Donovan v. City of Vicksburg, 29 Miss. 247 (1855), where the city passed an ordinance directing the City Marshal to seize and sell all hogs found running at large. The ordinance was void, and a writ of prohibition lay against the City "to prevent any action being taken under the ordinance." In Hurley v. City of Corinth, 97 Miss. 396, 52 So. 695 (1910), the City was defendant in a petition for writ of prohibition to enjoin the enforcement of an alleged void ordinance and further prosecutions under it. The Court denied the writ, because the ordinance was valid, but it said: "The writ of prohibition may be resorted to in a proper case to prevent vexatious prosecutions under a void ordinance, as held by this court in Crittenden v. Booneville, 92 Miss. 277, 45 South. 723; but this is not a case of that kind." In Blount v. Kerley, 180 Miss. 863, 178 So. 591, 592 (1938), the Corinth and Booneville cases were cited as supporting the principle that a "writ of prohibition may be resorted to in a proper

case to prevent vexatious prosecutions under a void ordinance, but not for the violation of a valid ordinance." A similar statement was also made in Ford v. Easterling, 183 Miss. 575, 184 So. 153, 154, 119 A. L. R. 634 (1938).

There is some variance among the cases from other states as to who are necessary parties in a petition for a writ of prohibition to restrain criminal prosecutions. See 73 C. J. S., Prohibition, Sec. 11 (2), pp. 56-58; Sec. 23; 42 Am. Jur., Prohibition, Sec. 33. However, Crittenden and the other Mississippi cases discussed above have adopted the view that a writ of prohibition may be resorted to in a suit against a municipality to prevent vexatious prosecutions by the city under a void ordinance, but not for violation of a valid ordinance. Crittenden is perhaps the leading case in this State on writs of prohibition, and has been cited with approval as recently as 1955. It and the other cases stating this rule are now too well-settled in our jurisprudence to warrant a reconsideration of them.

Appellant relies upon Holmes v. Board of Supervisors of Forrest County, 199 Miss. 363, 24 So. 2d 867 (1946), and Fanning v. Town of Hickory, 201 Miss. 620, 30 So. 2d 65 (1947). In the Holmes case, petitioners, operating a cafe, sought a writ of prohibition against the board of supervisors and the sheriff to enjoin enforcement of an alleged void order of the board prohibiting the sale of beer in the county. The trial judge denied the writ, and the appeal was dismissed. It was said that the "sole function of the writ is to restrain judicial action against the petitioner"; that the writ was not sought to restrain the board or the sheriff from any judicial action, since "neither defendant was capable of, nor undertook as such to, prosecute appellants, so that neither their jurisdiction so to do, nor the validity of the order, is involved." In other words, neither the board of supervisors nor the sheriff would prosecute petitioner. It would be the state. Nor had any such prosecutions

been brought. In the instant case, the vexatious prosecutions were brought by the city itself, based upon its own void ordinance. The Holmes case cited Crittenden, Glover and Blount v. Kerley.

In Fanning v. Town of Hickory Fanning applied for a writ of prohibition against the town to prevent the enforcement of an ordinance making it unlawful to sell intoxicating liquors within 1,500 feet of any church or school. Petitioner's cafe sold beer. The trial court's action in denying the writ was affirmed. The ordinance was valid and was not an unreasonable exercise of the police power of the town. Ford v. Easterling, supra, was cited as controlling; and as stated above, this case denied the writ, but expressly recognized the rule established in the Booneville and Corinth cases. The additional statement in the opinion of another ground for the decision was unnecessary. It was there pointed out that the mayor was not sued as ex officio justice of the peace, but as mayor only. But of course the Fanning case involved none of the necessary elements of the Crittenden rule, namely, the existence of a void municipal ordinance and successive vexatious prosecutions by the municipality under such ordinance infringing upon the petitioner's property rights. In the instant case, petitioner Benya was arrested and fined on three different occasions, under the invalid ordinance of the City of New Albany, so this suit clearly falls within the decision in Crittenden v. Town of Booneville and the other related cases.

## IV.

■■■ The circuit judge found that the pleadings and processes in this case were sufficient to bring the mayor as police justice into court. Code of 1942, Section 1865, establishes a simple and comprehensive method of obtaining process in suits against a municipality. Town of Jonestown v. Ganong, 97 Miss. 67, 52 So. 579 (1910),

held that this statute applies to every kind of suit which may be instituted against a municipality, and that under it all officers of the city are "as much parties, in their official capacity, as if each had been named in the proceeding." Under these authorities, and the pleadings and processes in the instant case, we also think that the mayor, who, under Code Section 3374-103 is mandatorily the police justice of the City of New Albany, was a party to the suit, so as to be amendable to the provisions of the judgment quoted above, directed to the city and to the mayor. The trial court was certainly not manifestly wrong in so interpreting the pleadings, processes and judgment. Petitioners apparently undertook to follow the procedures adopted in the Crittenden case.

Affirmed.

All justices concur, except *Holmes, J.,* who took no part, and *Roberds* and *Gillespie, JJ.,* who dissent.

GILLESPIE, J., dissenting.

I dissent with reluctance. Appellee is justly entitled to the relief granted. The ordinance is void.

Able counsel for appellee was probably justified under Crittenden v. Town of Booneville, 92 Miss. 277, 45 So. 723, in arriving at the conclusion that prohibition was the proper writ to accomplish his purpose. But I think Fanning v. Town of Hickory, 201 Miss. 620, 30 So. 2d 65, should be followed. It is a later case and is consistent with the authorities; nor do I think it can be reconciled with the Crittenden case. I think now is a good time to remove the confusion left by some of our older cases. No one would be hurt in this case, except as to court costs.

If appellee desired to proceed against the City of New Albany alone, his remedy was injunction. If he desired to proceed against the Police Court, his remedy was prohibition.

The authorities are legion that injunction is the proper and available remedy against the enforcement of invalid municipal ordinances. 28 Am. Jur., Injunctions, Sec. 186.

The office and purpose of prohibition is to prevent an encroachment, excess, usurpation, or assumption of jurisdiction on the part of an inferior court or tribunal. 42 Am. Jur., Prohibition, Sec. 5. Prohibition is essentially jurisdictional. Ibid., Sec. 3. It operates to restrain the tribunal, not the parties to litigation. 28 Am. Jur., Injunctions, Sec. 191. Injunction operates on the parties. If there is an adequate remedy available by injunction, or otherwise, prohibition does not lie. 42 Am. Jur., Prohibition, Sec. 8.

This case seems to proceed on the theory that since the city is made a party it follows that the police court is a party, and that an order directed to the city is binding on the police court, notwithstanding the proceedings were not directed to the police court, nor the justice thereon as such. In my view, the city is not the police court. The city is the prosecutor, not a judicial body, insofar as the cases appearing on the police court are concerned. In other words, the writ of prohibition was directed to a party to the suit instead of the tribunal. Sec. 3374-103, et seq., Mississippi Code of 1942, established a police court, provided for its organization, that it shall have a docket, and prescribed its jurisdiction. All prosecutions are in the name of the city. The city is a party litigant in all prosecutions for violations of municipal ordinances. The city cannot control the court, else the court is a mere pretense and a sham. I think the court is due the dignity of being called a court as the legislature provided, with all the independence that any court must have according to our laws and tradition. The police justice is not a mere vassal of the city required to do its bidding. He is an independent judicial officer beholden to none save the law.

I do not think we have reached the point where we desire to abolish the distinctions between extraordinary writs. So long as we have distinctions, we should restrict each to its proper area and use.

*Roberds, J.,* joins in this dissent.